KADER BIGGS & CO. *v.* W. W. BRICKELL.

A sale under execution, made at the court house, where by the general law, sales are required to be made, with the assent of the debtor in the execution, is valid, notwithstanding the requirements of a private local law directing such sales to be made on the premises; and the purchaser of land at a sale so made at the court house acquires a good title.

(*Lentz* v. *Chambers*, 5 Ired. 587; *Mason* v. *Williams*, 66 N. C. Rep., cited and approved.)

CIVIL ACTION for the recovery of certain land, and for damages, &c., tried before *Cloud, J.,* at the January (Special) Term, 1873, of the Superior Court of HALIFAX county, upon the facts following and agreed to :

One William H. Poulton was seized of a freehold estate in the lands in controversy, and the defendant, W. W. Brickell, at public sale made by the sheriff by virtue of a certain execution, at the court house in Halifax, on the 27th January, 1868, purchased the right, title and interest of said Poulton, with his assent, in and to said land and premises, and received the sheriff's deed therefor. The judgments upon which the said executions were issued were obtained by the defendant, Brickell, and one Parsons, against the said Poulton, at the Spring and Fall Terms, 1867, of Halifax Superior Court; *fi. fas.* were regularly issued, and on the 20th December, 1867, levied on the lands in dispute, then the property of said Poulton.

On the 30th March, 1868, the plaintiffs, at public sale under executions issued from the United States Circuit Court against said Poulton and one Day, and in favor of themselves, made by the United States Marshal at the court house in Halifax, purchased the " right, title and interest, claims and demands " of said William H. Poulton in and to said premises, at the sum of $124, and obtained a deed from the Marshal, June 5th, 1868. This judgment in the United States Circuit Court was rendered at Fall (November)

Term, 1867, and execution regularly issued thereon and was levied upon the land in dispute.

On the 29th January, 1829, a private act was passed by the General Assembly, to go into effect 1st March following, entitled " An Act directing the time and place of selling land under execution in the counties of Halifax, Northampton, Hertford and Martin," which provided, " that all sales of land hereafter made in the counties of Halifax," ' &c., "by any Sheriff, Coroner, Constable, or by any Clerk and Master in Equity, under any execution or decree, shall be made *on the premises*," &c. This act remained in force until repealed by an act entitled, "An Act directing the time and place for selling land in the counties of Halifax," &c., passed by the General Assembly, at special session in 1868, to wit: on the 29th July, 1868, to go into effect on the 1st September following, which act repealed the act of 1829, and provided, " that all sales *bona fide* made in any of the counties aforesaid according to the Rev. Code, chap. 45, sec. 14, are hereby confirmed and declared to be valid.

The deeds alluded to have both been recorded.

The yearly rental of the premises is $75, and the defendant has been in possession since 30th March, 1868.

His Honor, after argument holding with the plaintiffs, adjudged that they recover the said land of the defendant, and also the sum of of $100 damages for its detention and for costs.

From this judgment the defendant appealed.

*Conigland* and *Moore & Gatling*, for appellant.
*Clark & Mullen*, contra.

BOYDEN, J. We have carefully examined all the authorities cited by the learned counsel for the plaintiff, and we think that the points actually decided in those cases fail to

establish the position attempted to be maintained for the plaintiff.

It is true that the learned Judges who delivered opinions in these cases, in some of them express the opinion that a sale made in a wrong place would vitiate the sale; but in every case cited, the sale was held valid, notwithstanding the irregularities, and of course the opinions relied on were *obiter dicta*, and not upon the points actually decided in these cases; and even in their *obiter dicta* there is not a single expression of opinion, that a sale made under the circumstances of this case would be invalid; while the decisions actually made would seem to establish the validity of the sale in the principal case. For whose benefit was a sale permitted or directed to be made upon the premises? Evidently for the benefit of defendant in execution. Who, then, could have objected to the place of sale save the defendants in the executions? And in our case the debtor not only received this benefit, but actually assented to the sale before and at the time it was made.

Let it be granted, for the sake of the argument, that without the assent of the debtor, previously obtained, the sale would have been void, and no title would have been acquired by the purchaser at such a sale; still we hold it clear, that a sale made at the court-house by the Sheriff, where the general law required sales to be made, the debtor might waive the benefit of the private local law directing such sales to be made upon the premises, and assent to the sale, as was done in this case, which would not only bind the debtor, but the purchaser would acquire the title of the defendant in the execution. In our case, the plaintiffs had their executions in the hands of the Marshal at the time of the sale by the Sheriff, and had he been vigilant he might have made the first sale, and his sale would then have been valid, and would have passed the title of the debtor to the purchaser, notwithstanding the judgments and executions under which

the defendant purchased were anterior in point of time, and had been first levied upon the land in dispute. This has been repeatedly decided in this Court. How is it supposed that any creditor would be injured by a sale at the court-house door? Can any one maintain that the debtor who assented to this sale could have successfully defended an action of ejectment brought against him by the defendant? We think the case of *Lentz* v. *Chambers*, 5 Ired. 587, and the case of *Mason* v. *Williams*, 66 N. C. Rep. 564, and the cases therein cited, are decisive of the question.

It has been repeatedly decided that a Sheriff, or Marshal, can only sell such interest in land under execution as the debtor could sell; and here there was nothing in the debtor to sell, as all his interest in the land had passed to the defendant by the Sheriff's sale. This makes it unnecessary to notice the other questions in the cause, and particularly the interesting question as to the effect of the act passed to cure such irregularities.

The Court is of opinion, that his Honor was in error in rendering judgment upon the case agreed for the plaintiff.

The judgment below is reversed, and judgment here for the defendant.

PER CURIAM. Judgment reversed.