PER CURIAM..                                    *Venire de novo.*

C. C. WADE and NOAH SMITHERHAN *v.* AARON H. SAUNDERS,
     .      J. R. MORTON and JESSE H. SAUNDERS.

A Sheriff, who advertises a sale of land, levied upon under execution to take place on Monday, the first day of the term as prescribed by law, which sale is postponed from day to day, has a right to sell the same on the Friday succeeding.

A purchaser of land from one claiming the same under a deed, declared by the jury to be fradulent, stands on no better footing than such fraudulent donee himself; nor can the deed of such purchaser have any other or greater effect than the deed declared to be fraudulent, except such purchase was for a valuable consideration, and without notice of the fraud attempted to be perpetrated.

A bidder for land sold under an execution in his favor, and who received the proceeds of such sale, is not thereby estopped from showing in a subsequent and different proceeding, that the land belonged to some one else other than the defendant in his execution.

CIVIL ACTION, (to recover possession of a tract of land,) tried before his Honor, *Judge Buxton,* at the Fall Term, 1873, of the Superior Court of MONTGOMERY county.

Plaintiffs claimed title, as purchasers at execution sale by the sheriff, under executions hereinafter fully alluded to.   Their deed from the sheriff, of date 9th September, 1870, conveyed the land described in the complaint, and recited a levy and sale thereof, as the property of the defendant, Aaron H. Saunders,

under three executions against him,—one in favor of W. A. Simmons to the use of Martha J. Simmons; another in favor of Isaac Suggs, and the other in favor of Noah Smitherman, one of the present plaintiffs. The three writs of *ven. ex.* in the above three cases, all returnable to Fall Term, 1870, were in the hands of the sheriff at the same time. Upon one, that in favor of Suggs, he makes his return of the sale of the land levied on—the same that is claimed by the plaintiff. Upon the other executions, he refers to this return, adopting the same as his return on them. The land was advertised and exposed to sale by the sheriff, on the Monday of Fall Term, 1870. No sale on that day for want of bidders, and the sale was postponed by public notice from day to day, for the same reason, until Friday succeeding, the 9th September, 1870, when the plaintiff, Noah Smitherman became the purchaser, for the sum of $6, which the sheriff applied as far as it would go towards the payment of costs. On the same day he, the sheriff, executed a deed to the land, to Smitherman and Wade, the plaintiffs, the former having assigned one-half interest in the bid to the latter, and under which deed they, the plaintiffs, claim the land from the defendant in the executions, Aaron H. Saunders, who was in possession at the day of the sale and at the commencement of this action; claiming also against the defendant, J. R. Morton, who was shown to have entered as tenant of the said Aaron. This suit at first was entered against Morton and Aaron H. Sanders, alone.

Defendants except to the validity of the execution sale made by the sheriff, because it was made on a Friday, *whereas*, by the acts of 1868–'69, chap. 237, amended by chap. 215, act of 1869–'70, it is required, that "sales shall be made during the first three days of the term of the Superior Court of the county, or on the first Saturday in a month, and on the Monday and Tuesday next succeeding such Saturday.

The defendants then proposed to read a deed in evidence from Aaron H. Saunders to Jesse A. Saunders, dated 9th January, 1867, for the land in suit, for the purpose of showing,

that at the date of the sale and sheriff's deed to the plaintiffs, 9th September, 1870, the title was not in Aaron, but in Jesse A. Sanders. To this evidence plaintiffs objected, on the ground that as they claim as purchasers at execution sale, and had shown the defendant in the execution in possession of the land at the date of the sale, and at the commencement of this action, they were entitled to whatever interest he had in the land, even if it were merely the possession. His Honor concurred with the plaintiffs, in view of the present state of the parties to the action, but suggested that the evidence would be competent, if the said Jesse A. Sannders were a party. Thereupon, on motion, Jesse A. Saunders was permitted to make himself a party defendant of record to this action, and to adopt the answer already filed for the other defendants. C. C. P., sec. 61.

The deed was then read, and proof offered to the jury, that after its execution, Aaron H. Saunders and his tenant and codefendant, J. R. Morton, continued in the occupation of the land, under an arrangement with Jesse A. Saunders. Defendants also read as evidence the record of a suit in the Superior Court of Montgomery county, wherein the plaintiff, Noah Smitherman was plaintiff and the said Jesse A. Saunders was defendant, in which it appeared, that after judgment an execution was levied on this land, (the same now in dispute,) and that it was sold by the sheriff, 6th August, 1870, one W. A. Strider being the purchaser, at $71. It was shown, that at this sale by the sheriff, Smitherman, the plaintiff in the execution, and plaintiff in this proceeding also, bid for the land. The price was paid to the sheriff, who handed it to Smitherman, No sheriff's deed was exhibited.

In regard to this transaction, the defendants insisted,

1. That Smitherman, by levying on the land as the property of Jesse A. Sanders, and endeavoring at the sale to purchase the same, is estopped from treating the land, in this suit, as the property of Aaron H. Sanders; especially as he received the

proceeds of sale, when the same was sold under execution against Jesse A. Sanders.

2. That Strider, the purchaser, having paid his bid, is entitled to call for a deed from the sheriff at any time, and therefore has an equitable interest in the land, which renders it necessary that he should be a party to this suit.

The *bona fides* of the deed from Aaron H. to Jesse A. Sanders, was attacked by plaintiffs, who introduced evidence tending to prove that it was fraudulent and inoperative so far as the creditors of the grantor were concerned ; that the grantee, Jesse A. Sanders, was the son of Aaron H. Sanders, who was largely indebted beyond his ability to pay, when he executed the deed ; that he, Aaron, conveyed most of his other property to his other sons; that he superintended the re-conveyance and adjustment of the property among themselves; and that Jesse A. Sanders subsequently left the State, leaving his father and family on the land.

Defendants, in support of the deed to Jesse A. Sanders, offered evidence tending to prove that a full consideration passed in property, money and services rendered by Jesse A. to his father, who both also swore that the transaction was fair and honest, with no purpose to defraud any one.

In reply to the above, the plaintiffs introduced two deeds from Jesse A. Sanders to his brother, Romulus, one for one hundred acres of the land, conveyed to him by his father, and the other for two and a half acres of the same tract, contending that the whole was a family arrangement, entered into to defraud creditors ; that although there was a consideration expressed in each of the deeds, none was actually paid.

Upon the introduction of these two deeds to Romulus F. Sanders, dated before the sheriff's deed to the plaintiffs, the defendants contended as a third proposition, that the plaintiffs having shown the title to the 102½ acres to be out of Jesse A. Sanders, before the date of the deed of the sheriff, could not recover that portion of the land conveyed to Romulus F. Sanders ; and that he, Romulus, ought to have a day in court.

His Honor reserved the several points of law raised, and submitted this issue to the jury:

Was the conveyance from Aaron H. Sanders, to his son, Jesse A., a *boda fide* conveyance for a valuable consideration, without the purpose on their part to defraud, hinder or delay the creditors of the said Aaron?

This issue the jury found in favor of the plaintiffs, by responding in the negative.

Upon the points reserved his Honor was of opinion:

1. That the sale of the sheriff was not invalid, because of its taking place on Friday, especially as such sale had been advertised for Monday and been postponed from day to day until Friday. Defendants excepted.

2. That the plaintiff, Noah Smitherman, on account of his sale of the land in a suit against Jesse H. Sanders, and his bidding thereat, was not estopped from afterwards buying the same at a sale of the sheriff, as the property of Aaron H. Sanders. Defendants again excepted.

Neither did his Honor think that any such relations was established between Strider and the plaintiffs, as rendered him a necessary party, because of the fact that Strider had purchased at execution sale, against Jesse A. Sanders, and had paid the amount of his bid without taking a deed from the sheriff. Defendants excepted.

3. As to the legal effect of evidence offered by the plaintiffs, to wit: the deeds to Romulus F. Sanders, his Honor was of opinion that the effect of these deeds depended upon the fact whether the said Romulus was a *bona fide* purchaser from Jesse A. Sanders, without notice of the fraud established by the verdict of the jury; and that this fact could not be determined adversely to Romulus, so as to defeat the conveyances, without giving him an opportunity of defending his rights. As this had not been done, and as the existence of the *prima facie* title had been brought to the notice of the Court by the plaintiffs themselves, his Honor was of opinion, and so decided, that they were precluded from recovering

WADE and SMITHERMAN *v.* SAUNDERS *et al.*

in this action that portion of the land conveyed as above set out to Romulus F. Sanders. To this ruling the plaintiffs excepted.

Defendants moved for a rule for a new trial; granted, and rule discharged. Judgment for plaintiffs for all the land claimed, except the portion conveyed by Jesse A. to Romulus F. Sanders. From this judgment defendants (and plaintiffs) appealed.

*Pemberton* and *Neil McKay*, for appellants.
*Battle & Sons*, contra.

PEARSON, C. J. *Appeal by defendants.* Motion for *venire de novo*, for error.

1. Because his Honor erred, in ruling that the sale made by the sheriff on *Friday* of the first week of the term of the Court was valid.

We concur in the conclusion of his Honor. The exception rests upon the construction of the act of 1869–'70, ch. 215, "Sales (of land) shall be during the first three days of the term of the Superior Court, &c." If the bidding had not been opened until Friday of the first week of the term, it may be that the sale would not have been held to be valid, but the bidding was opened on Monday, of the term, and the sale was postponed by public announcement, from day to day, for the want of bidders until Friday. So in contemplation of law the sale was made on Monday of the term. This view is not only supported by common sense, but is settled by many cases in our Courts to support the title of purchasers at sheriff sales on the distinction between things relating to the *power* of the sheriff, and things only directory in regard to which he may be sued for damages, as for not advertising "in two or more places, &c," purchasers not being required to see to matters of mere detail.

2. The finding of the jury, "that the deed executed by Aaron Sanders to his son, Jesse Sanders, was not *bona fide*,

but was fraudulent and done with purpose to defraud his credi-tors, disposes of the other points made in the case on the part of the defendants; for how can Romulus F. Sanders, who claims under Jesse, the fraudulent donee, stand upon fairer ground than he does, except as a purchaser for valuable consid-eration and without notice of the fraud attempted to be done by the said Jesse and his father, the defendant Aaron? There was no evidence of his being an *innocent purchaser*.

3. The motion, that because Smitherman, one of the plain-tiffs, made a bid for the land, when it was offered for sale un-der an execution in his favor, as the property of Jesse Sanders, who now stands convicted as a fraudulent donee of a dishonest debtor, he is, on the idea of an equitable estoppel, not to be allowed to show the truth, and that in fact the land as against the creditors of Aaron Sanders, continued to be his property, is so much at variance with all sense of justice that it cannot be entertained for a moment. Had Strider, who bought the land when it was sold as the property of Jesse Sanders, insti-tuted proceedings on the ground that he was misled and in-jured by the fact that Smitherman bid for the land, a question might have been presented as in *Williams* v. *Mason.*

But, as the matter now stands, Strider is not in the case. He has never taken a deed for the land, and if any inference can be drawn from the verdict of the jury, the omission to do so was by reason of the fact that Jesse Sanders, under whom he derived title, was not a *bona fide* purchaser.

Our conclusion is, that none of the exceptions of the defen-dants are well taken, and that the motion for a *venire de novo* was properly refused.

PER CURIAM.                              Judgment affirmed.