MARX MAYERS v. H. E. CARTER, and others.

*Execution Sale.*

Execution sales made at an improper time and place are void. (Act of 1877, ch. 216, § 2, establishes sale-days.) The case of *Biggs* v. *Brickell* 68 N. C., 239, where assent of defendant in the execution to change place was given, discussed by SMITH, C. J.

(*State* v. *Rives*, 5 Ired., 297 ; *Mordecai* v. *Speight,* 3 Dev , 428 ; *Avery* v. *Rose,* 4 Dev., 549 ; *Brooks* v. *Ratcliff*, 11 Ired., 321 ; *Wade* v. *Saunders,* 70 N. C., 270; *Hayes* v. *Hunt,* 85 N. C., 303 ; *Biggs* v. *Brickell,* 68 N. C., 239 : cited and approved.)

EJECTMENT tried at July Special Term, 1882, of DUPLIN Superior Court, before *Gilliam, J.*

Judgment for plaintiff, appeal by defendants.

No counsel for plaintiff.

*Mr. O. H. Allen,* for defendants.

SMITH, C. J. The plaintiff derives his title to the land described and claimed in his complaint by virtue of a sale under execution against the defendant, Carter, made by the sheriff on the first Monday in May, 1879, that being a month in which is held a term of the superior court of Duplin, commencing on the third Monday thereof. Carter, who had previously executed a deed conveying the premises to his co-defendant, Cavanaugh, which the plaintiff impeached for fraud, was himself present with the attorney representing both, objected to the sale by the sheriff, saying that the land was the property Cavanaugh and the purchaser would get himself into trouble. Two issues were submitted to the jury, to the first of which they responded in the affirmative and to the latter in the negative.

1. Was the deed from Carter to Cavanaugh made with

the intent of both parties to hinder and delay the creditors of Carter?

2. Did Carter or Cavanaugh in person or by attorney object to a sale of the land on the 5th day of May, 1879, because that was not a legal sale-day?

The court upon the rendition of the verdict gave judgment in favor of the plaintiff, to which the defendants excepted on the ground that no title passed by the sale, it being made in a month in which a superior court is held and not during the term.

The sole question presented in the appeal is as to the validity of the sale and the deed executed pursuant to it. The statute then in force regulating judicial sales, declares, " that sheriffs and other public officers selling real estate under execution shall sell the same at the court house of the county in which the property, or some part thereof, is situate, on the first Monday in every month, except the month in which the superior court is held therein, then the sales shall be made during the first three days of the court. Acts 1876–'77, ch. 216, § 2.

In *State* v. *Rives*, 5 Ired., 297, RUFFIN, C. J., in the concluding part of the opinion thus declares the law: "The sale in this case was on the premises and on a different day of the week. We have more than once said that this is a substantial part of a sheriff's sale, because the regulation is for a sale of all the property at one place and at the same time which may be offered for sale in the county in one month, under the expectation that there will be numerous bidders and fair prices had. Of such a regulation every one must be cognizant, and therefore we have held that the purchaser gets no title by a sale at an improper time and place." The cases of *Mordecai* v. *Speight*, 3 Dev., 428, and *Avery* v. *Rose*, 4 Dev., 549, are referred to in support of the proposition.

It is equally true that the non-observance by the officer

of those provisions of the statute which are directory merely and relate to matters *in pais*, in the absence of participation in or notice of the officer's disregard of the requirements, will not infect the title acquired under an execution sale.

"Third persons," remarks the same learned judge delivering the opinion in the case last cited in reference to a tax sale, "need not show affirmatively the observance on the part of the sheriff of all legal pre-requisites to the sale, nor are they charged to take notice of all irregularities when shown on the opposite side, as in the advertisement, or adjournment of the sale, or that there were chattels which the sheriff might have seized instead of the land."

Accordingly it is held that under the act requiring sales of land to be made on the same Monday in every month on which the several county courts are held in the respective counties, with authority to postpone from day to day until the sales are completed (Rev. St., ch. 45, § 10), a sale made on Tuesday or Wednesday of the week will pass the title. *Brooks* v. *Ratcliff*, 11 Ired., 321.

And so it was declared that a sale on Friday of the week is valid, PEARSON, C. J., distinguishing "between things relating to the power of the sheriff and things only directory, in regard to which he may be sued for damages, as for not advertising in two or more public places, &c., *purchasers not being required to see to matters of mere detail.*" *Wade* v. *Saunders*, 70 N. C., 270; *Hays* v. *Hunt*, 85 N. C., 303.

The decision in *Biggs* v. *Brickell*, 68 N. C., 239, sustaining the sale, is put upon the ground that the defendant assented to it, and BOYDEN, J., intimating a doubt as to the correctness of some previous adjudications, says: "We hold it to be clear that at a sale made at the court house door by the sheriff, where the general law requires sales to be made, the debtor may waive the benefit of the private local law directing such sales to be made upon the premises, and *assent to the sale as was done in this case,* which would not only bind

the debtor, but the purchaser would acquire the title of the defendant in the execution."

Whether a verbal assent or acquiescence, not involving an element of fraud, can operate as an estoppel under the statute of frauds, and thus pass an estate in land, it is not necessary now to inquire, since in our case not only was no assent given, but the defendant, Carter, the attorney for both being present, as the case states, "objected to the sale by the sheriff," assigning the reason for so objecting that the property belonged to Cavanaugh. How an assent can be inferred from his giving an insufficient reason for his refusal, we are at a loss to understand. The finding of the jury upon the second issue that the objection was not put on the ground that it was not a legal sale day, is wholly insufficient to eliminate the illegality which infects the act of the officer in his disregard of the statutory mandate, and avoids the sale.

There is error in rendering judgment upon the verdict and it must be set aside and a new trial had.

Error. *Venire de novo.*