J. A. DULA et al. v. W. L. SEAGLE.

*Judicial Sale—Execution Sale—Purchaser.*

1. A decree directing a commissioner to sell lands, receive the purchase money and make title, without requiring a report and confirmation of the sale by the Court, is irregular.

2. A properly secured proposition, made before confirmation of sale, to increase the price ten per cent., is sufficient to re-open the bidding.

3. A bidder at a judicial sale acquires no rights until his proposition is accepted by the Court.

4. A purchaser at execution sale will acquire a good title although there may not have been due advertisement, if he had no notice of such irregularity ; but it would be otherwise if he had notice, or if the sale was made at a place or time not warranted by law. ·

(*Mebane* v. *Mebane*, 80 N. C., 34; *Miller* v. *Feezor*, 82 N. C., 192; *Foushee* v. *Durham*, 84 N. C., 56; *Blue* v. *Blue*, 79 N. C., 69; *Pritchard* v. *Askew*, 80 N. C., 86; *Attorney General* v. *Roanoke Nav. Co.*, 86 N. C., 408; *Lord* v. *Beard*, 79 N. C., 5; *Lord* v. *Meroney*, Ibid., 14; *Murrill* v. *Murrill*, 84 N. C., 182: *Wilson* v. *Sykes*, Ibid., 215; *State* v. *Rives*, 5 Ired., 297, and *Mayers* v. *Carter*, 87 N. C., 146, cited).

This was a motion to set aside a sale, heard by *Boykin, Judge*, at Fall Term, 1887, of CALDWELL Superior Court.

The plaintiffs, at Spring Term, 1887, of Caldwell Superior Court, recovered judgment, for want of an answer, against the defendant for $973.48, residue of the purchase money

contracted to be paid for land, and a decree for the sale thereof, unless payment should be made in ninety days. The decree appointed C. A. Cilley a commissioner, and directed him, after thirty days' advertisement in the *Topic,* a newspaper published at Lenoir, to make public sale " at the court-house door for cash, and convey the title to the purchaser;" and that " out of the purchase money he first pay off this judgment and costs; then all cost of advertisement and sale, and pay the balance, if any, to the *purchaser;*" (intended for the defendant,) to whom alone it would belong.

The advertised day of sale was meant to be on the first day of August, but through some inadvertence was to be on the 12th day of that month. The sale was made on August 1st, and the plaintiff, J. A. Dula's wife, bid off the land at the price of $1,020.

Upon notice previously served, and upon an offer to increase the bid by an additional ten per cent., the defendant's counsel at the next term moved the Court to set aside the sale, and order a re-sale of the premises, upon the hearing of which, the Court found the following facts: The thirty days' notice was given, and by mistake of the printer the 12th instead of the 1st day of August designated as the time of sale.

The sale took place on the last-mentioned day. The defendant was present, and conferred with one of the plaintiffs in reference to the best manner of selling, whether in bulk or by the acre, and directed him to announce to the commissioner to put it up as a whole, and to say to those assembled that the debt must be paid in money, but the purchaser could have time as to the excess. The defendant spoke to some of those present to bid, but they did not bid. No objection was made to the selling. The purchaser paid the sum bid and demanded title. A bond in the penal sum of $1,500 was given to raise the bid upon a re-sale to ten per cent. additional.

The Court denied the motion, and the defendant excepted and appealed.

Mr. C. A. Cilley, (by brief) for the plaintiffs.

Mr. G. N. Folk, (Messrs Scott & Erwin filed a brief) for the defendant.

SMITH, C. J., (after stating the case). In *Mebane* v. *Mebane*, 80 N. C., 34, this language is used: " No report of the sale is required to be made to the Court in order that it may be set aside or confirmed and title ordered, but this is left to the uncontrolled discretion of the commissioner. This is entirely at variance with the nature of judicial sales   The commissioner acts as the agent of the Court, and must report to it all his doings in execution of its order. The bid is but a proposition to buy, and, until accepted and sanctioned by the Court, confers no right whatever upon the purchaser. The sale is consummated when that sanction is given and an order for title made and executed. This power will not be delegated to the agent who exposes the property to public biddings."

To the same effect are *Miller* v. *Feezor*, 82 N. C., 192; *Foushee* v. *Durham*, 84 N. C., 56.

2. Again, and aside from the irregularity in the form of the decree in the particular mentioned, it is well settled that an advance bid of ten per cent. before confirmation is sufficient ground for re-opening the biddings, when the performance of the offer is properly secured. *Blue* v. *Blue*, 79 N. C., 69; *Pritchett* v. *Askew*, 80 N. C., 86; *Attorney General* v. *Roanoke Navigation Co.*, 86 N. C., 408.

The defence of the ruling of the Court is put on the ground that the decree directs the commissioner to make title, and to distribute the money produced by the sale, without reporting for confirmation and without retaining the cause.

This view would be forcible, and perhaps unassailable, if the judgment had been regular, according to the course of the Court. But this irregularity is the subject matter of complaint, and its consequences sought to be averted before · they pass beyond the correcting and reforming hand of the Court. The decree was not by consent, but rendered at the end of the term, for want of an answer. The remedy by motion is open until the decree is fully executed. *Lord* v. *Beard,* 79 N. C., 5; *Lord* v. *Meroney,* Ibid., 14; *Murrill* v. *Murrill,* 84 N. C., 182; *Wilson* v. *Sykes,* Ibid., 215.

The sale by a commissioner, acting under the order of the Court and subject to its supervision and control, finds little analogy in, or support from, a sheriff's sale. That officer acts under the law that prescribes his duties, with a proper responsibility to those affected by what he does. If he sells under execution, without advertising, as required by law, and the purchaser has no notice of this dereliction of duty, he acquires title; but it would be otherwise if the sale was at a time or place not warranted by law, because the purchaser is charged with knowledge of this legal requirement, and does not buy in good faith. *State* v. *Rives,* 5 Ired., 297; *Mayers* v. *Carter,* 87 N. C., 146.

We pass other objections, among which is the very serious one arising out of the fact that the sale was made, not according to the public notice, but eleven days before, which may have caused the absence of bidders, since the previous objections called for the interposition of the Court and its ordering another sale.

There is error in the refusal to set aside the sale, and the Superior Court will proceed according to this opinion, and restore the purchase money to the bidder.

Error.