GEORGE E. WORTHAM v. A. M. BASKET and JOSEPH BASKET.

*Execution and  Judicial  Sales—Statutes—Terms  of  Court.*

1.  A sale of  real  property under execution or  by order of  the Courts must be made at the times and  places prescribed by the statute, (*The Code,* §§ 454–472,) and if not so made they are void, unless the debtor in good faith, at the time of the sale, waives a compliance with the statutory requirements in these respects.

2. Where there are several statutes relating to the same subject, as here, regulating the terms of the Superior Courts, they will be so interpreted, if possible, as to secure harmony in their operation and effectuate the general purpose of the legislation.

This is a CIVIL ACTION to recover land, and was tried before *Shipp, J.,* at Fall Term, 1887, of VANCE Superior Court.

Issues of fact having been raised by the pleadings, putting directly in question the plaintiff's title, he put in evidence and relied upon a deed of conveyance executed to him by the Sheriff of the County of Vance, dated July 2d, 1883, purporting to convey to him the land in question in pursuance of a sale thereof made by that Sheriff under and by virtue of an execution issuing from the Superior Court of the County named, commanding a sale of the land. The defendant objected to the admission of this deed in evidence, upon the alleged ground, among others, that it was void, " because the sale at which plaintiff purchased, and under which the deed was executed, was made on the first Monday in June, 1883, and that a regular term of the Superior Court of Vance County was held during that month, to-wit: on the second Monday, and that the sale could only be made during the first three days of the term."

The Court overruled the objection, and this is assigned as error. There was a verdict and judgment for the plaintiff, and the defendant appealed to this Court.

*Messrs. W. H. Cheek, J. B. Batchelor* and *John Devereux, Jr.,* for the plaintiff.

*Mr. T. M. Pittman,* for the defendants.

MERRIMON, J., (after stating the case). It is the just purpose of the statute (*The Code,* §§ 454–472,) regulating sales of real property under execution or by order of Court, that they shall be made at prescribed times and places so that all persons may know when and where to attend to purchase

such property to be sold. The time and place of such sales are fixed by law and every one takes notice of this. A principal object is to secure as far as practicable a fair, open, public sale, and thus multiply and encourage bidders and promote the interests of those persons interested in having the property sell for a fair price. There are other minor details prescribed by the statute, intended to promote the same end that are mainly directory to the Sheriff, which he omits to observe at his peril, but the time and place are established by it, and a due observance of them is essential to the validity of the sale, and also, the deed executed by the Sheriff to the purchaser in pursuance of it. So that such a sale made at a place or time, not prescribed by law, and a deed of the Sheriff executed in pursuance thereof to the purchaser, are inoperative and void, unless in possible cases when the execution debtor by his assent in good faith at the time of sale waives the statutory requirements. The language of the statute (§ 454) is mandatory, and any interpretation of it other than that we have given would destroy its efficiency and defeat in large measure the salutory ends intended to be accomplished by it. *Mayers* v. *Carter*, 87 N. C., 146, and numerous cases there cited.

Hence our opinion in the case before us is, that the supposed sale under the execution mentioned, and the deed executed in pursuance of it by the Sheriff to the plaintiff, by virtue of which the latter derives title to the land in question, are inoperative and void.

The statute (Acts 1876–'77, Ch. 216, §2,) regulating such sales, in force at the time of the sale in question, provided "That Sheriffs and other public officers selling real estate under execution shall sell the same at the court house of the county in which the property or some part thereof is situate, on the first Monday in every month, except the month in which the Superior court is held therein; then the sales shall be made during the first three days of the Court."

The sale in question was made at the court house on the first *Monday in June*, 1883. But that was not a sale day for such sales in that month as prescribed by the statutory provision just cited, because "the Superior Court is (was) held" in that, Vance County, the second Monday in that month, and the sale should have been made on that Monday, or "during the first three days of the Court." The sale was, therefore, unlawful and void.

The counsel of the appellee contended on the argument here, that the Superior Court of Vance County could not properly and lawfully be held on the second Monday of June, 1883, but it should lawfully have been held on the first Monday of that month, and nothing appearing in the record to the contrary it must be taken that it was then held, because the statute (Acts 1879, Ch. 58, §1,) then in force, provided that "Rockingham (Superior Court should be held on the) twelfth Monday after the first Monday of March and September," and the statute (Acts 1881, Ch. 113, § 7,) creating Vance County, provided that "the Judge of the Superior Court in and for the Fifth Judicial District shall hold the Superior Court for said (Vance) county, for one week, commencing *the Mondays after the termination* of the Spring and Fall Terms of said Court in Rockingham County in each and every year," &c. The contention is, that the terms of the Superior Court of Rockingham County under the statute continued but one, and not two weeks, and therefore, the Superior Court of Vance County could be lawfully held only on the first and not the second Monday of June, 1883, thus giving effect to the sale and deed in question.

The several statutory provisions bearing upon this contention are not very clear as to their meaning, but we think, fairly interpreted, they imply with sufficient certainty that the terms of the Superior Courts of Rockingham County embraced two weeks, and that the terms of the Superior Court

of Vance County began on the second Monday after the like
terms began in Rockingham County.

The first statutory provision (Bat. Rev., ch. 17, § 11,) ap-
plicable, is a general one of the Code of Civil Procedure, reg-
ulating the times of holding the Superior Courts of the State.
Subsequent enactments, presently to be referred to, repealed
it in some respects, modified it in others, and left it operative
as to others.   It provided that " The terms of the several Su-
perior Courts of this State shall begin in each year, at the
times herein stated, and shall continue to be held *for two
weeks* (Sundays and legal holidays excepted), unless the busi-
ness be sooner disposed of."   The times of holding the Courts
of each circuit was then so arranged as to give each in suc-
cession a term of two weeks.

Afterwards a general statute (Acts 1876–'77, ch. 255,) on
the same subject was enacted, and, among other things, it
provided that " the Superior Courts in the several counties
shall be opened and held at the times hereinafter expressed,
and each Court shall continue in session one week, or two
weeks, as the case may require, and *this act will allow*, unless
the business thereof be sooner disposed of," &c.   The reg-
ulation as to time was then so arranged as to allow some
counties one week and others two weeks' terms; and the
Courts of Rockingham County were arranged to be the
last of the Fifth Judicial District, so that the statute would
*allow* the terms of this Court to continue for two weeks as·
provided by the statute (Bat. Rev., ch. 17, § 11,) above cited.
This statute was not expressly repealed—it was repealed in
some respects, modified in others, and left operative in others
by implication arising from provisions inconsistent with it
to some extent in statutes subsequently enacted.   Indeed,
it seems that the purpose of the legislature in subsequent
legislation on the subject was to leave it operative, unless
repealed by subsequent inconsistent enactments.   Hence
the provision, " each Court shall continue in session one

week, or two weeks, as the case may require, and this act will allow." Otherwise, the time of holding many of the Courts must have been left in doubt, uncertainty and confusion. It is not to be presumed that the Legislature intended such unreasonable and injurious results to come about, nor can several statutes on the same subject be so construed as to allow of such results, when a different construction can reasonably be given that serves the general purpose of the legislation. In such case, the several statutes must be construed together, and their various parts and provisions so interpreted, if this can reasonably be done, as to produce consistency and effectuate the intent appearing. The first of the two last mentioned statutes gave the County of Rockingham a two weeks' term of the Superior Court; the second one did not in terms abridge that term, nor do we think it did by reasonable implication—it did not necessarily, nor does any purpose to have it do so appear. The terms of the Courts of some counties, in the arrangement as to time, were cut down to one week, but nothing appears in terms or by implication to show such purpose as to Rockingham County. The reasonable inference is, there was no such purpose.

Another subsequent statute (Acts 1879, ch. 58,) was enacted, changing the times for holding the Courts of the Fifth Judicial District, but it contains no provision inconsistent with the interpretation of the statutes we have already given, and we need not advert to it further here.

The appellant is entitled to a new trial.

Error.