J. C. LOUDERMILK et al. v. A. J. CORPENING.

*Execution Sale— When  Void—Sales.*

A sale of real estate under execution made on a day other than one pre-scribed by the statute is absolutely void.

This is a CIVIL ACTION, which was tried before *Merrimon, J.,* at Spring Term, 1888, of BURKE Superior Court.

This is an action to recover the land specified in the com-plaint. On the trial the plaintiffs put in evidence and relied upon a paper writing purporting to be a Sheriff's deed founded upon a sale of the land in question under execu-tions in his hands made on the 16th day of April, 1870. The Court intimated the opinion that upon the evidence the plaintiffs could not recover, whereupon they suffered a judg-ment of non-suit, and having excepted, appealed to this Court.

Mr. J. T. *Perkins* (filed a brief), for the plaintiffs.
Mr. S. J. *Ervin*, for the defendant.

MERRIMON, J. (after stating the case.) Treating the Sheriff's deed relied upon by the plaintiffs as evidence of title in them to the land in controversy as sufficient in form, we are of opinion that it was inoperative and void upon the ground, that the sale of the Sheriff upon which it was founded was not a lawful one, it having been made on a day other than a day prescribed by the statute prevailing at the time it was made on which the sale of real estate under execution might be made. The statute applicable then in force (Acts 1868–'69, ch. 237, § 8) prescribes that " the sale (of all real property sold under execution) shall be during the first three days of the term of the Superior Court of the county, or on the first Monday in a month (or on the first Saturday in a month), or on the Monday and Tuesday next succeeding such Saturday." But the sale in question was made, not on any of the days so designated, but *on Saturday, the* 16*th day of April,* 1870. This could not have been on any of " the first three days of the term of the Superior Court of the county " of Burke (the county in which the sale was made), because that Court then came " on the tenth Monday after the third Monday in March and August." (Acts 1868–'69, ch. 47, § 4). Obviously, from the course of time, it was not made on the first Saturday in the month, nor on the Monday and Tuesday next thereafter, nor on the first Monday of · the month. So that the sale was not made on a sale day prescribed by law on which real estate might be sold under execution.

It is settled that a sale of real estate made on any day other than as prescribed by the statute in a case like this is absolutely void. *State* v. *Rives,* 5 Ired., 297 ; *Mayers* v. *Carter,* 87 N. C., 146 ; *Wortham* v. *Basket,* 99 N. C., 70.

Judgment affirmed.