COUNTY OF JOHNSTON v. G. A. SMITH AND WIFE, MRS. G. A. SMITH.

(Filed 5 October, 1932.)

**Judicial Sales A a—Judicial sale on day prohibited by statute is void.**

Where in proceedings to enforce the county's lien for unpaid taxes the clerk of the court orders a resale "according to statute," and the statute applicable to judicial sales in the county prescribes that such sales be had on certain days during term of the Superior Court, and the resale is had on a day other than the days prescribed by the statute: *Held*, the resale is void, and the parties should be put *in statu quo*, and another sale for the enforcement of the tax lien may be ordered. Public Laws of 1931, chap. 23.

APPEAL by defendants·from *Grady, J.,* at ......... ... ...... Term, 1932, of JOHNSTON. Reversed.

This is an action brought by plaintiff against defendants to foreclose a tax lien on defendants' real estate, assessed for the year 1927. Upon motion of defendants, movants, before the clerk of the Superior Court of Johnston County, North Carolina, the judgment was vacated and the parties placed *in statu quo,* and a resale of the land for the taxes of 1927 ordered. An appeal from this judgment was taken to the Superior Court and the judgment of the clerk was set aside by the court below, and the motion of defendants dismissed. From this judgment, defendants excepted, assigned error and appealed to the Supreme Court.

*Leon G. Stevens for Mrs. Alma G. Gray, purchaser.*
*I. Weisner Farmer and Winfield H. Lyon for defendants.*

CLARKSON, J. Public Laws of 1931, chapter 23, is as follows: "That section six hundred ninety of the Consolidated Statutes of North Carolina be and the same is hereby amended to read as follows: 'All real property sold under execution shall be sold at the courthouse door of the county in which all or a part of the property is situated on the first Monday in any month or during the first three days of any term of the Superior Court of said county. That all sales of real property sold under order of court shall be sold at the courthouse door in the county in which all or any part of the property is situated on any Monday in any month or during the first three days of any term of the Superior Court of said county, unless in the order directing such sale some other place and time are designated and then it shall be sold as directed in such order on any day except Sunday after advertising as

required by law. That all sales heretofore made under execution or by order of court on any day other than the first Monday in any month are hereby validated, ratified and confirmed, *provided* this act shall not affect pending litigation.' "

From a careful inspection of the record, the resale was not in accordance with the above statute. The land was sold on Wednesday, 15 June, 1932, which was not "during the first three days of any term of the Superior Court of said county." Nor was there an order in the cause "directing such sale some other place and time as designated and then it shall be sold as directed in such order on any day except Sunday after advertising as required by law."

The order of the clerk in reference to the sale in controversy was on 30 May, 1932, and was as follows: "Now, therefore, it is ordered, considered and adjudged that Ed. F. Ward, commissioner, advertise said land for resale in some newspaper published in Johnston County, *as provided by statute."*

It is well settled that execution sales made at an improper time and place are void. *Mayers v. Carter,* 87 N. C., 146; *Dula v. Seagle,* 98 N. C., 458. A sale of real estate under execution made on a date other than one prescribed by statute is absolutely void. *Lowdermilk v. Corpening,* 101 N. C., 649. The sale was "dead in law," *Jeffreys v. Hocutt,* 193 N. C., 332. See *Ricks v. Brooks,* 179 N. C., 204. *Chief Justice Ruffin,* in *S. v. Rives,* 27 N. C., at p. 314, says: "Of such a regulation, every one must be cognizant and therefore we have held, that the purchaser gets no title by a sale at an improper time and place," citing authorities.

Freeman on Void Judicial Sales, 3d ed., sec. 30, at p. 56, in part: "Of course no judicial or execution sale ought to take place at any other time than that fixed by the notice of sale; and the notice of sale ought not to fix upon any time prohibited by law. A sale made in violation of this rule will, no doubt, be vacated or refused confirmation if the irregularity is suggested to the court at the proper time. It is not, however, void in most states," citing Freeman on Executions, sec. 287; *contra, Mayers v. Carter, supra.*

What occurred thereafter did not resuscitate this sale, which was void—in fact no sale—and contrary to and in the very "teeth of the statute." This is an action to foreclose a *tax lien,* the purchaser Alma G. Gray's bid for the land was $275.00. The record discloses that this home place of defendants was taxed at a valuation of $3,850. Under the facts and circumstances of this case, we think the purchaser must take cognizance of the statute, and the pretended sale was ineffectual to pass title for the reasons given.

In reference to a former statute dealing with tax sales, this Court said in *Bryson v. McCoy,* 194 N. C., at p. 97: "Under the statute, a good tax title can be obtained by sale, but the statute must be strictly followed."

The tax for 1927 is a lien on the land—the parties must be put in *statu quo.* The land can be sold again for the tax by complying with the statute. The judgment of the court below is

Reversed.