BLADEN COUNTY v. O. P. BREECE and WIFE, MARY J. BREECE, E. U. BREECE and WIFE, LUCY D. BREECE; THEODORE CLARK, JOHN CLARK, K. M. HARDISON, ROY PURDY, and J. S. LILES.

(Filed 14 December, 1938.)

1. **Judicial Sales § 3: Taxation § 40b—Judicial sale not held on a Monday or on one of first three days of a term of court is void.**

In an action to foreclose land for delinquent taxes, order was issued appointing a commissioner to sell the lands and directing the sale might be had "on any day except Sunday." The commissioner sold the land on a Tuesday of a week during which there was no term of the Superior Court in the county. *Held:* The sale was void as a matter of law. C. S., 690; Public Laws of 1931, ch. 23.

2. **Judicial Sales § 6: Taxation § 42—Where record shows judicial sale was had on day other than permitted by law, purchasers have notice.**

The order of sale of land to satisfy delinquent taxes provided that the sale might be had on any day except Sunday. The report of sale showed the sale was had on 25 June, 1936, which was Tuesday of a week during which no term of Superior Court was held in the county. *Held:* The order of sale was no authority to sell on any day other than those specified in the statute, and the sale was void, C. S., 690, and the purchaser at the sale and *mesne* purchasers from him are chargeable with notice of the fatal defect, since they were under duty to look to the proceeding to see that the court had jurisdiction of the parties and subject matter, and that the judgment on its face authorized the sale. Validating provisions of Public Laws of 1931, ch. 23, *held* inapplicable, since they relate only to sales theretofore made, and Public Laws of 1937, ch. 26, *held* inapplicable, since the action was then pending.

APPEAL by plaintiff and defendants J. S. Liles, K. M. Hardison, John Clark, Theodore Clark, and Roy Purdy from *Sinclair, J.,* at August Term, 1938, of BLADEN.

Civil action to enforce tax lien upon real estate, C. S., 7990, in which there is motion to set aside order of sale and subsequent acts, orders and decrees and deeds.

Facts, substantially these, appear upon the face of the record: The action relates to the lien of delinquent taxes for the years 1929 to 1933, both inclusive, against 780 acres Whitted land in Bladen County, owned by the defendants O. P. Breece and E. U. Breece, who, with the wife of each, were duly served with summons and copy of complaint, but failed to answer. On 25 May, 1936, the clerk of Superior Court of Bladen County rendered an interlocutory judgment of foreclosure condemning the land in question to be sold for the purpose of satisfying the tax liens, appointing a commissioner to sell the lands and directing that *"said sale may be had on any day except Sunday."* Pursuant thereto the commis-

sioner advertised the lands to be sold "at public auction for cash at the courthouse door in Elizabethtown, North Carolina, on *Thursday the 25th day of June, 1936, at or about 12 o'clock noon,*" when and where the land was offered for sale and J. S. Liles became the last and highest bidder therefor at $1,022.15. On the day of sale commissioner reported to the clerk that "he advertised the property described in the complaint as provided in said order and according to law, and offered the same for sale on the 25th day of June, 1936." The clerk, by the decree entered 16 July, 1936, confirmed the sale and ordered and directed the commissioner upon payment of the purchase money to execute and deliver to J. S. Liles, purchaser, a deed in fee simple for said land. The order was executed and the transaction closed that day.

Thereafter, on 31 August, 1936, the defendants made motion in the cause to set aside the interlocutory judgment of 25 May, 1936, and all acts, orders and proceedings subsequent thereto including the purported sale of the land, the report and confirmation thereof, and the commissioner's deed to J. S. Liles and to vacate and recall writ of assistance issued thereunder, for "irregularity, mistake, inadvertence and excusable neglect." The clerk denied the motion. On appeal by defendants to the Superior Court, it was made to appear to the court at the subsequent May Term that J. S. Liles had executed a deed for the lands to K. M. Hardison, who in turn had executed deeds to Theodore Clark, John Clark and Roy Purdy for parts thereof. Whereupon, by order duly entered, J. S. Liles, K. M. Hardison, Theodore Clark, John Clark and Roy Purdy were made parties defendant, and served with notice to show cause why said motion should not be granted. The plaintiff was served with like notice.

Defendants J. S. Liles and K. M. Hardison file affidavit and assert that each of the grantees in the said several deeds is a purchaser for value.

Upon the hearing, after reciting facts of record with respect to the order of sale and the date on which the sale was had, and after reciting further that "It further appearing to the court that no term of the Superior Court was scheduled to be held or was held in Bladen County during the week in which said property was sold and that said sale was not held on Monday or during the first three days of any term of the Superior Court of Bladen County, and that the order directing said sale did not designate any other place or time, which defect appeared in the face of the record and on account of which the said sale was irregular and void," the court below adjudged that the said interlocutory judgment of foreclosure of 25 May, 1936, "in so far as it condemns the land in question to be sold for the nonpayment of taxes and appointing a commissioner for that purpose is not modified or disturbed by this decree,

but so much thereof as directs that said commissioner shall sell said land on any day except Sunday is hereby set aside and vacated, and the sale made pursuant to said judgment, the report and confirmation thereof and deed executed by the commissioner for said land to J. S. Liles are set aside and hereby declared null, void and of no effect," and further "ordered and directed that the clerk of the Superior Court of Bladen County shall present this decree to the register of deeds of Bladen County, who shall make an entry upon the face of each of said deeds that the same has been declared void and of no effect by this decree, and upon the cross-index of said decree shall enter the word 'canceled' with a reference to the book and page on which the reference is made upon the face of the deed; and this cause is remanded to the clerk of the Superior Court of Bladen County."

From this judgment the plaintiff and defendants J. S. Liles, K. M. Hardison, Theodore Clark, John Clark and Roy Purdy appeal to the Supreme Court and assign error.

*Leon D. Smith and H. H. Clark for plaintiff, appellant.*
*Clark & Clark for defendants, appellees.*

WINBORNE, J. This appeal presents these determinative questions: (1) Is a judicial sale of real property ordered to be held "on any day except Sunday" and not held on Monday or on one of the first three days of a term of Superior Court of the county, void as a matter of law? (2) If so, are purchasers at such sale and subsequent grantees charged with notice thereof? An affirmative answer to each is firmly established in the law in this State.

Statutes, relating to and specifying dates and places of sales of real property under execution and under order of court, varying from time to time through more than a hundred years, culminate in the reënactment of C. S., 690, by Public Laws 1931, ch. 23, which is so far as pertinent to case in hand, reads: "All sales of real property sold under order of court shall be sold at the courthouse in the county in which all or any part of the property is situate on any Monday in any month or during the first three days of any term of the Superior Court of said county, unless in the order directing such sale some other place and time are designated and then it shall be sold as directed in such order on any day except Sunday, after advertising as required by law."

These statutes have been the subject of a long line of decisions of this Court. These are to the effect that a sale of real property under execution or under order of court on a day and at a place other than one prescribed by the statute is void; and that deed founded thereon is inoperative and void. McIntosh, N. C. Prac. & Proc., page 848, sec. 730.

*Mordecai v. Speight,* 14 N. C., 428; *Avery v. Ross,* 15 N. C., 554; *S. v. Rives,* 27 N. C., 297; *Brooks v. Ratcliff,* 33 N. C., 321; *Briggs v. Brickell,* 68 N. C., 239; *Wade v. Saunders,* 70 N. C., 270; *Mayers v. Carter,* 87 N. C., 146; *Dula v. Seagle,* 98 N. C., 458, 4 S. E., 549; *Wortham v. Basket,* 99 N. C., 70, 5 S. E., 401; *Loudermilk v. Corpening,* 101 N. C., 649, 8 S. E., 177; *Johnston County v. Smith,* 203 N. C., 255, 165 S. E., 707.

In *Wortham v. Basket, supra, Merrimon, J.,* said: "It is the just purpose of the statute . . . regulating sales of real property under execution or by order of court, that they shall be made at prescribed times and places so that all persons may know when and where to attend to purchase such property to be sold. The time and place of such sales are fixed by law and everyone takes notice of this. . . . There are other minor details prescribed by the statute, . . . but the time and place are established by it, and a due observance of them is essential to the validity of the sale, and, also, the deed executed by the sheriff to the purchaser in pursuance of it. So that such a sale made at a place or time, not prescribed by law, and a deed of the sheriff executed in pursuance thereof are inoperative and void, unless in possible cases when the execution debtor by his assent in good faith at the time of sale waives the statutory requirements."

In *Loudermilk v. Corpening, supra,* considering a sheriff's deed, the Court stated: "We are of opinion that it was inoperative and void on the ground that the sale of the sheriff upon which it was founded was not a lawful one, it having been made on a day other than a day prescribed by the statute prevailing at the time it was made on which the sale of real estate under execution might be made. . . . It is settled that a sale of real estate made on any day other than as prescribed by the statute in a case like this is absolutely void."

In *Johnston County v. Smith, supra,* an action to foreclose tax sale certificate, wherein there was order of resale after advertising "as provided by statute," the Court held that a sale on Wednesday, 15 June, 1932, which was not "during the first three days of any term of the Superior Court of said county" when there was no order designating some other time, is void. The opinion therein written by *Clarkson, J.,* concludes that "under facts and circumstances of this case, we think the purchaser must take cognizance of the statute, and the pretended sale was ineffectual to pass title for the reasons given." The statute there considered is the statute applicable here.

In the absence of fraud or the knowledge of fraud, one who purchases at a judicial sale, or who purchased from one who purchased at such sale is required to look to the proceeding to see if the court had jurisdiction of the parties and of the subject matter of the proceeding, and that the

judgment on its face authorizes the sale. *Graham v. Floyd, ante,* 77, 197 S. E., 873, and cases cited, including *Millsaps v. Estes,* 137 N. C., 536, 50 S. E., 227; 70 L. R. A., 170, 107 Amer. St. Rep., 496.

In the instant case the defect appears upon the face of the record. The order discloses direction that "said sale may be had on any day except Sunday" without designating a day. It is, therefore, no authority to sell on any day other than those specified in the statute. The report of sale shows that it was held on 25 June, 1936. That day was Thursday—a day not named in the statute. With notice of these facts the purchaser, and those claiming title under him, are chargeable.

It is not here necessary to consider the validating provisions of C. S., 690, as contained in Public Laws 1931, ch. 23, and as contained in Public Laws 1937, ch. 26. The former relates to sales theretofore made. The latter does not affect then pending litigation. This action was then pending.

The judgment below is

Affirmed.