GEORGE M. LOWDEN *vs.* PHILIP A. GRAHAM.

Lincoln.      Opinion, December 6, 1939.

*Tupper & Harris,* for plaintiff.
*Perkins & Perkins,*
*Pattangall, Goodspeed & Williamson,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

> (DUNN, C. J., sat at argument but did not participate in the decision in this case because of his death on November 10, 1939.)

MANSER, J. On report. Title to a lot of land in the Town of Boothbay, Maine, is involved. The plaintiff claims under a deed from the former owner. The defendant claims this deed was ineffectual to convey title as the land in question had previously been sold for delinquent taxes to the Town of Boothbay and by it later conveyed to the defendant. The plaintiff attacks the validity of the tax sale in two particulars. If either of these points is sustained, the stipulation is that the plaintiff shall be entitled to judgment with nominal damages and costs. If neither of the points is sustained, then the defendant prevails and is entitled to judgment and costs. The first question presented to the Court is:

1. Was the tax sale in question at the place where the last preceding annual town meeting was held under the statute?

The taxpayer was a non-resident owner and the statutory provision relating to sales of real estate for taxes is found in R. S., Chap. 14, Sec. 72, as follows:

> "If the taxes, interest and charges are not paid on or before such first Monday in February, so much of the estate as is sufficient to pay the amount due therefor with interest and charges will be sold without further notice, at public auction, on said first Monday in February, at nine o'clock in the forenoon, at the office of the collector of taxes, in cities, and at the place where the last preceding annual town meeting was held, in towns."

It is the contention of the plaintiff that there was non-compliance with this requirement of the statute. It was stipulated and agreed that the last preceding annual town meeting was held in the town hall and that the tax sale was held at the town office. It becomes material to consider carefully the facts existent in the present case, and which are not disputed, to determine whether the town office can prop-

erly and legally be regarded as the place where the last preceding annual town meeting was held.

The town building is located on a plot of land bordering on a state highway and with open space about it convenient for the parking of automobiles. A plan drawn to scale was used as an exhibit. It is here reproduced in miniature:

[ This drawing reduced about one-third ]

It will be seen that the town hall, marked B, is 34 feet wide and 80 feet long, with a clear area of approximately 2,250 square feet. A door in the center of the front end is the only means of entry or exit.

The room, or building, used as the town office, marked A, abuts the town hall. It is placed about midway of the southerly wall and is 30 feet long by 13 feet. There is no intercommunication between this office and the town hall. Ingress and egress are via a single door at the front end. Between the two rooms is a solid wall, plastered on both sides. Ordinary town business is transacted in the town office. The entrances to the two separate parts of the building are in clear view from the street.

A cardinal principle in determining the validity of tax sales has been iterated and reiterated in the decisions of our Court. It is known as the rule of strict construction. Apt citations are:

"The sale of land for taxes is a procedure *in invitum*, and the provisions of the statute authorizing such sale must be strictly complied with or the sale will be invalid." *French* v. *Patterson*, 61 Me., 203 at 210.

"As the plaintiff's title is founded solely upon the provisions of the statute, such provisions must be strictly complied with." *Greene* v. *Lunt*, 58 Me., 518 at 532.

"It has, therefore, been held, with great propriety, that, to make out a valid title, under such sales, great strictness is to be required; and it must appear that the provisions of law preparatory to, and authorizing such sales, have been punctiliously complied with." *Brown* v. *Veazie*, 25 Me., 359.

"To prevent forfeitures strict constructions are not unreasonable." *Cressey* v. *Parks*, 76 Me., 532.

"It is deemed essential to the validity of a tax sale of lands that there shall be a strict compliance with all the directions of the statute." *Kelley* v. *Jones*, 110 Me., 360, 86 A., 252, 255.

See also *Baker* v. *Webber*, 102 Me., 414, 67 A., 144; *Ladd* v. *Dickey*, 84 Me., 190, 24 A., 813.

Recurring to the particular provision of the statute under consideration, being the requirement that the tax sale shall be held at

the *place* where the last preceding annual town meeting was held, we find that, while the word "place" has a wide range of meaning dependent upon the connection in which it is used, its dictionary definition, adopted in many decisions, is:

"Any portion of space regarded as distinct from all other space, or appropriated to some definite object or use." *Prentiss* v. *Davis*, 83 Me., 364, 22 A., 246; Words & Phrases, 4th ser.

"It is applied to any locality, limited by boundaries, however large or however small." *Law* v. *Fairfield*, 46 Vt., 425; 48 C. J., p. 1211.

The rule of strict construction obtains, not only in Maine, but generally throughout the country. Judicial, execution, and statutory sales result in an involuntary alienation of property from its owner. Courts guard with jealous care the rights and interests of persons whose property is sold under such processes. So we find in *Jones* v. *Rogers*, 38 So., 742 (Miss.), the following:

"The Mississippi statute which governed such sales at the time this one was made provided that all sales of land should be made at the *courthouse* of the *county*, and on the first and third Mondays of each month. Section 17, Act June 22, 1822 (How. & H. Dig. p. 633). Decisions of the Supreme Court of the United States, as well as of various states, have placed beyond the realm of controversy the proposition that United States marshals, in the sale of property under execution, *must* sell it in *strict conformity* to the state law, otherwise it is void, and can confer no title whatever. *Smith* v. *Cockrill*, 6 Wall, 756, 18 L. Ed., 973; *Bornemann* v. *Norris* (C.C.), 47 Fed., 438. Statutes fixing the place of sale of lands under executions are *mandatory*, and *not* merely *directory*, and it is the *imperative* duty of officers to make such sales at the very place designated, and a sale made at any *other* place is not *voidable* merely, but absolutely *null* and *void*. The place of sale is the very *essence* of the sale and strict compliance with the statute is absolutely essential in order to transfer a good title to realty. *Koch* v. *Bridges*, 45 Miss., 257; *Loudermilk* v. *Corpening*, 101 N. C., 649, 8 S. E., 117; *Sinclair* v. *Stanley*, 64 Tex., 67. In *Moody's*

*Heirs* v. *Moeller* (Tex. Sup.), 10 S. W., 727, 13 Am. St. Rep. 839 (the Texas statute being the same as Mississippi's as to the place of sale), a United States marshal made the sale, not in front of the door of the *courthouse* of the *county*, but in front of the door of the *United States Court* building, standing just on the opposite side of the street from the county courthouse. The court held that the sale was not simply and merely *voidable*, but was absolutely *void*, incapable of ratification, and subject to a *collateral* attack, and that the acquiescence of the defendant in the execution in such a void judicial sale gave no validity to it."

See also *Hoffman* v. *Anthony*, 6 R. I., 282, 75 Am. Dec. 701, and annotations thereunder.

Giving effect and application to the strict rules which the courts have laid down, we must find that the statutory requirement as to place of sale was not complied with. If citizens and voters of the Town of Boothbay went to and remained in the town office on the day of the annual town meeting, they were not at the place where such meeting was held and could not see, hear or participate therein. Those who were in attendance at the town hall, where the meeting was held, could know nothing of any business being transacted in the town office.

The second point raised was with reference to the description of the property in the tax deed, but this is not necessary of decision in view of the conclusion reached with reference to the first point.

The entry will be

*Judgment for plaintiff.*
*Damages assessed at $1 with costs.*