*262
 
 'Ruffin, 0. J.
 

 The judgment must be affirmed. There is nothing in the will to tie up the period for the limitation over to take effect, to lives in being- and 21 years after, so as to make this an executory devise. “ His own sisters” only means “his sisters,” and cannot be understood as intending a benefit to the sisters
 
 'personally,
 
 but only as vesting the interest in them. The case of
 
 Saunders
 
 v.
 
 Hyatt,
 
 1 Hawks 247, is directly in point. The wills are almost literally the same. The only difference is, that the devise by Saunders was to his son, “ and if he die without any heir lawfully begotten of his body, the testator orders the land to be sold and the proceeds divided among his sisters.” But that difference is entirely immaterial, as in each case the disposition over is after the .death of the first taker “ without heir lawfully begotten of his body,” that is, of a remainder after an estate tail in possession ; which the act of ’84 makes void. The fee vested in Richard, and is now in the defendant. The decision of this point renders it unnecessary to consider the others, in respect to the power of the executors to sell under this will, ánd that of the administrator under the act of 1836.
 

 Per Curiam. Judgment affirmed.