L. W. DAWSON and wife v. JOHN C. QUINNERLY.

*Estate—Rule in Shelley's Case—Estates in Tail.*

1. The rule in Shelley's case has always prevailed in this State, before and since the act of 1784 (Sec. 1325 of *The Code*) which did not affect the principle of law decided in Shelley's case.

2. When an estate was conveyed to P. D. "for and during her natural life, and at her death to the heirs of said P. D., which may be begotten on the body of said P. D., by her present husband, L. W. D., to them the heirs of the said P. D. and L. W. A., their heirs and assigns;" *Held*, that the qualifying words "by the present husband the said L. W. D., &c., &c.," confined the remainder to the children of P. D. and L. W. D., and took the case out of the general rule of descent according to Shelley's case.

CIVIL ACTION, heard before *Boykin, J.*, at March Term, 1896, of PITT Superior Court, on a case agreed as follows:

"That on or about the 1st day of December, 1895, the plaintiffs contracted with the defendant to sell and convey to him in fee the lands described in the complaint,

for the sum of $3,500. That immediately thereafter the defendant entered into the possession of said lands under said contract.

"That plaintiffs, on the 27th day of December, 1895, procured a deed (including said lands) to be written, conveying the same in fee to the defendant, and tendered the same to the defendant and demanded of the defendant the said $3,500, the purchase price for said lands, and the defendant refused to accept said deed and pay the purchase price, alleging that the deed from John Rhem to the plaintiff Priscilla L. Dawson, under which the plaintiffs claimed said lands, only conveyed a life estate to said plaintiff, Priscilla L. Dawson, and that the plaintiffs were not able to convey to him the lands in fee simple in accordance with their said contract, and upon these reasons alone the defendant refused to perform his part of the contract. The *habendum* in the deed from John Rhem to Priscilla L. Dawson was as follows: 'To have and hold to her the said Priscilla L. Dawson for and during the term of her natural life, as aforesaid; and at her death then the same shall go and descend to the heirs of said Priscilla L. Dawson which have been or may be begotten on the body of said Priscilla L. Dawson by her present husband, the said L. W. Dawson, to them the heirs of said Priscillia L. Dawson and L. W. Dawson, their heirs and assigns forever.' "

At the trial, his Honor decided that the said deed from said John Rhem to said Priscilla L. Dawson did convey the fee simple to the said Priscilla L. Dawson, and that the plaintiffs were able to convey to the defendant the fee simple title to said lands, in accordance with said contract, and gave judgment against the defendant, &c., and the defendant excepted and appealed.

*Mr. F. G. James,* for defendant (appellant).
*Mr. A. J. Loftin,* for appellee.

MONTGOMERY, J.:   In North Carolina the principle of
law known as the rule in Shelley's case has always pre-
vailed.   The estate conveyed in the premises of the deed
to Mrs. Dawson is limited to a life estate, and in the
*habendum* clause the following language is used:   "To
have and to hold to her the said Priscilla L. Dawson for
and during the term of her natural life as aforesaid, and at
her death then the same shall go and descend to the heirs
of said Priscilla L. Dawson which have been or may be
begotten on the body of said Priscilla L. Dawson by her
present husband the said L. W. Dawson, to them the heirs
of said Priscilla L. Dawson and L. W. Dawson their heirs
and assigns forever."   If the *habendum* had not contained
the words "by the present husband the said L. W. Daw-
son to them the heirs of said Priscilla L. Dawson and L.
W. Dawson their heirs and assigns forever," the rule in
Shelley's case would apply.   These words however appear-
ing, they furnish the necessary words of qualification and
explanation to the other preceding words to take the case
out of the rule.   The qualifying and explanatory words
used in the deed as above pointed out, confined the
remainder interest to the children of Priscilla L. Dawson
and her husband L. W. Dawson, thus altering the general
rule of descent.   *Leathers* v. *Gray,* 101 N. C., 162 ; *Starnes*
v. *Hill,* 112 N. C., 1 ; *Nichols* v. *Gladden,* 117 N. C.,
497.   The Act of 1784, Ch. 204, Sec. 5, (*Code,* Sec. 1325,)
converting estates tail into estates in fee simple has no
bearing upon the principle of law decided in Shelley's case,
for as we have said the rule of law established in that case
prevailed before the act of 1784 and has always prevailed

FERTILIZER COMPANY v. MOORE.

since. There was error in the ruling and judgment of the court below, and the same is reversed.

· Reversed.