THOMPSON v. CRUMP.

(Filed April 4, 1904).

*Wills—Rule in Shelley's Case—Dower.*

Where a will provided: "I bequeath to my son J. all my lands for and during his life, and after his death to his lawful heirs born of his wife", the words "born of his wife" qualifying and explaining "his lawful heirs" confine the remainder to the children of his wife and prevent the operation of the Rule in Shelley's case and J. took only an estate for life in the lands and his widow is not entitled to dower therein.

SPECIAL PROCEEDING by S. B. Thompson and others v. T. E. Crump, heard by *Judge M. H. Justice* at CHAMBERS, on Nov. 25th, 1904.

This is a special proceeding brought before the clerk of the Superior Court of Union County for the partition of certain lands. The facts which present the particular question to be determined are not disputed and are as follows: James W. Thompson, deceased husband of T. E. Crump, one of the defendants in this action, by virtue of the will of his father, L. B. Thompson, took and up to the time of his death was possessed of two tracts of land consisting of 115 acres. The item of the will, by which this land passed to James W. Thompson, is as follows "I give and bequeath unto my son, James W. Thompson all my lands which I now or

may hereafter own for and during his life and after his death to his lawful heirs, born of his wife, and in case he shall have no such heirs to take the estate, in that case it is. my will and desire that it go to his full sister F. Bogan and children, and in case there be none of that class, then I allow it to go to James W. Thompson's half sister, C. E. Hargett." The petitioners and defendants in the special proceeding, with the exception of one Redwine, who became the owner of a certain share by purchase, and T. E. Crump, widow, are the lawful children of James W. Thompson. In answer to the petition for a sale and division of the 115 acre tract, which is the land mentioned in the will of L. B. Thompson, defendant, T. E. Crump alleges that she is entitled to dower therein. The clerk of the court. before whom the proceeding was commenced, ruled that she was not entitled to dower. The defendant appealed to His Honor, *M. H. Justice, Judge*, at Chambers, who affirmed the ruling of the clerk, and from his judgmnet the defendant appeals to this court.

*Redwine & Stack* for the plaintiffs.
*Williams & Lemmond* for the defendant.

BROWN, J., after stating the facts: The application of the Rule in Shelley's Case to the item of the will by virtue of which James W. Thompson took and remained in possession of the two tracts of land comprising 115 acres is the sole question presented for our determination. If the rule applies and James W. Thompson died seized in fee of the premises conveyed, then it is plain that T. E. Crump, his widow, would be entitled to dower in the land. But if there are superadded words so limiting and qualifying the estate bequeathed to James W. Thompson as to make the rule inapplicable, then his "lawful heirs" by virtue of the will

138——3

would take, by purchase, a contingent remainder in fee simple, thus destroying the widow's right to dower.

There can be no doubt that the item of the will presented for our consideration does contain words of qualification which prevent the application of the Rule in Shelley's Case. The words "born of his wife" qualifying and explaining "his lawful heirs," confine the remainder to the children of his wife and prevent the operation of the rule. The superadded words show that the devisor intended to make the words "lawful heirs" a *designatio personarum,* that is they show an intention on his part to limit the remainder over to a particular class of heirs. This case falls plainly within the rule that, where a freehold is given to one person, remainder to the heirs of the body of that person and another, and such persons are capable of having a common heir of their bodies, the Rule in Shelley's Case does not apply, and the heirs of their common bodies take by purchase a contingent remainder in fee simple, and the original taker receives merely an estate for life. *Dawson v. Quinnerly,* 118 N. C., at 188.

In holding that the interest of James W. Thompson was only an estate for life, with remainder over "to his lawful heirs, born of his wife," we have adhered strictly to the view that the Rule in Shelley's Case is a rule of law and not of construction, but, in so doing, we have also carried out what seems to us to be the plain intention of the devisor, whose will we are considering. It is our opinion that James W. Thompson took only an estate for life in the 115 acres, and his widow is not entitled to dower therein.

Affirmed.