R. C. SHARPE AND WIFE. v. N. W. BROWN.

(Filed 9 April, 1919.)

Estates—Conditional Fee—Statutes—Fee Tail—Absolute Fee—Deeds and Conveyances—Intent.

In consideration of natural love and affection and of one dollar, and for her "maintenance and preferment," the donor of lands conveyed them to his granddaughter "and to the heirs of her own body; if she never has heirs of her own body, then in that event she never has any" over to certain designated persons and their children, the granddaughter at the time of the conveyance being a child, but since grown up with a child by marriage: *Held*, (1) at common law the gift to the granddaughter was a conditional fee which became absolute upon the happening of the condition, the birth of the child; (2) the conditional fee is converted into an estate tail under the statute of De Donis (13 Edw., 1), and into a fee simple absolute title under our statute, Rev., sec. 1578; (3) construing the words "heirs of her own body" to mean the donee's children, there being no child born at the execution of the deed and no intermediate estate, and the deed having been executed since 1879 (Rev., sec. 946), without words of inheritance, the conveyance would be to the granddaughter in fee upon the birth of the child by the marriage; (3) the intent of the donor, appearing by the proper construction of the deed, would be to give the fee-simple estate to the grand-child upon the birth of her child by marriage.

APPEAL by defendant from *Devin, J.,* at the December Term, 1918, of ORANGE.

This is an action to recover the purchase price of a certain tract of land, the plaintiffs having tendered to the defendant a deed pursuant to a contract of purchase and the defendant having refused to accept the same upon the ground that the palintiffs have not an indefeasible title in fee.

The plaintiffs derive their title under a deed from Manly D. Stroud and wife, Martha Stroud, of date 30 December, 1893, which conveys the land described in the complaint upon the following considerations and conditions:

"For and in consideration of one dollar in hand paid, the receipt whereof is hereby acknowledged, and for the further consideration of the natural love and affection which we, the said Manly D. Stroud and his wife, Martha Stroud, hath and beareth towards our granddaughter,

Margaret Wellons Stroud, and for other divers good causes and reasons we hereunto moving, and for the better maintenance and preferment, and by these presents hath given, granted, and by these presents do give, grant, and convey unto our granddaughter, Margaret Wellons Stroud, and to the heirs of her own body; if she never have any heirs of her own body, then in that event she never does have any, then it is to go to M. M. Stroud and T. W. Stroud their life, and then to their children."

Margaret Wellons Stroud intermarried with R. C. Sharpe on 1 June, 1915, and she and the said Sharpe are the plaintiffs in this action. A child was born of said marriage on 10 August, 1917, and is now living.

His Honor held that the plaintiffs could convey an indefeasible title to the defendant, and rendered judgment in favor of the plaintiffs, and the defendant excepted and appealed.

*S. M. Gattis attorney for plaintiffs.*
*No counsel for defendant.*

ALLEN, J. The deed before us, while similar in some respects, does not have its counterpart in any to be found in our Reports and in the absence of controlling authority we must have recourse to the principles of the common law, as "these things, though they may seem ancient, are necessarie notwithstanding to be knowne." *Coke.*

It must be noted that the grantors do not purport to convey the land in controversy to their granddaughter for life, and then or after her death to the heirs of her body, nor is the limitation over to M. M. and T. W. Stroud in the event of death leaving no heirs of her body, or leaving none surviving her, nor is a similar expression used, illustrations of which may be frequently found in the decided cases.

The conveyance is to "Margaret Wellons Stroud and to the heirs of her own body, if she never have any heirs of her own body, then in that event she never does have any, then it is to go to M. M. Stroud and T. W. Stroud their life, and then to their children."

At common law a grant to one and the heirs of his own body was an estate upon condition, called a fee conditional, which left in the grantor the right to reenter, upon failure to have heirs of the body, as upon a condition broken.

"But the general propensity which then prevailed to favor a liberty of alienation induced the courts of justice to construe limitations of this kind in a very liberal manner. Instead of declaring that these estates were descendible to those heirs only who were particularly described in the grant, according to the manifest intention of the donors and the

strict principles of the feudal law, and that the donees should not in any case be enabled by their alienation to defeat the succession of those who were mentioned in the gift or the donor's right of reverter, they had recourse to an ingenious' device taken from the nature of a condition.

"Now it is a maxim of the common law that when a condition is once performed it is henceforth entirely gone, and the thing to which it was before annexed becomes absolute and wholly unconditional. The judge's reasoning upon this ground determined that these estates were *conditional fees,* that is, were granted to a man and the heirs of his body, upon condition that he had such heirs; therefore as soon as the donee of an estate of this kind had issue born, his estate became absolute by the performance of the condition, at least for these three purposes: 1. To enable him to alien the land," etc. 1 Greenl. R. P., Title 2, ch. 1, secs. 4 and 5.

In consequence of this construction, which prevented the perpetuation of lands in one family, which was the purpose of the creation of the estate, the statute *de bonis* (13 Edw., 1) was adopted, which converted the fee conditional into a fee tail, which is described as "a particular estate in the donee, called an estate tail, subject to which the reversion in fee remained in the donor," and this estate was one "of inheritance in the donee and some particular heirs of his body to whom it must descend, notwithstanding any act of the ancestor." 1 Greenl. R. P., pp. 78 and 79.

This brief outline of the estates, which is substantially as stated in 1 Co. Litt., 19a, and Mod. Am. L., V. 5, p. 66 *et seq.,* shows that a fee conditional was created at common law, and a fee tail under the statute *de bonis* when the estate was granted to one and the heirs of his own body, with reversion to the grantor upon failure of such heirs, and this is the legal effect of the deed before us.

The estate is conveyed to "Margaret Wellons Stroud and to the heirs of her own body," which is clearly a fee tail, and the succeeding words, "if she never have any heirs of her own body then in that event she never does have any," merely gives verbal expression to the condition which would give rise to the operation of the reversion in the grantor, without these words as matter of law, and is no more than the law would declare if not expressed; and the further limitation to M. M. Stroud and T. W. Stroud is an attempt to pass the reversion after the conveyance of the fee tail, but estates in tail having been converted by our statute into a fee simple and the reversion thereby cut off, nothing passed to them.

In other words, if the deed had stopped at a conveyance to "Margaret Wellons Stroud and to the heirs of her own body," a reversion would

have remained in the grantor to be enjoyed upon failure of such heirs, and which under our law he could convey to M. M. and T. W. Stroud (*Kornegay v. Miller,* 137 N. C., 664); and if this is true, the construction cannot be changed because the parties saw fit to incorporate these terms in the deed.

It follows that Margaret Wellons Stroud took a fee tail under the language of the deed, and as this estate has been converted into a fee simple under our statute (Rev., sec. 1578) she has the right to convey an estate in fee.

There are several cases in our Reports, prior to the act of 1827 (Rev., sec. 1581), which give this construction to devises, in which the language was much more favorable to the contention of the defendant than that used in the present deed, and the statute has no bearing because the limitation over is not contingent "upon the dying of any person without heirs or heirs of the body, etc.," but upon having an heir of her body, which was met upon the birth of a child, under the authority of *Bank v. Murray,* 175 N. C., 64, in which it was held that in a devise to a son, and "should he not marry or even marry and have no issue," then over, that the condition was performed and the estate absolute upon marriage and birth of issue without regard to the time of the death of the son.

In *Sanders v. Hyatt,* 8 N. C., 247, "Devise to A., and if he dies without any lawful begotten heir of his body, then to his brother and sisters: *Held,* that the devise to A. is of an estate tail which, by the act of 1784, is converted into a fee simple, and the ulterior limitation is therefore void."

In *Ross v. Toms,* 15 N. C., 376, it was held that "A devise of lands to A. for life and after her death to be equally divided among the male or female heirs begotten of her body, and for want of such heirs, then over, gives A. an estate tail in the land, which by the act of 1784 (Rev., ch. 204) is converted into a fee."

In *Hollowell v. Kornegay,* 29 N. C., 261, "A., by will in 1786, devised to his son R. a tract of land and then proceeded as follows: 'And my desire is, if my son R. die without heir lawfully begotten of his body for it to be sold and equally divided between his own sisters': *Held,* that the limitation over was too remote, and that estates tail having by the act of 1784 been converted into fee-simple estate, the son R. took an absolute estate in fee simple in the land devised."

In the last case, *Ruffin, C. J.,* after citing *Sanders v. Hyatt* and noting the difference in the language, says: "But that difference is entirely immaterial, as in each case the disposition over is after the death of the first taker 'without heir lawfully begotten of his body,' that is, of a re-

mainder after an estate tail in possession, which the act of '84 makes. void. The fee vested in Richard, and is now in the defendant."

Another and simpler method of reaching the same result is that the conveyance to the granddaughter and the heirs of her own body passed an estate in fee tail, which by our statute was converted into a fee simple, defeasible if no child was born to her, but which became absolute upon the birth of a child, who was an heir of her body as the term is generally understood, although not technically so, because of the rule that no one can be heir to the living.

If, however, we construed the words "to the heirs of her own body," wherever they appear, to mean children, so that the deed would read "unto our granddaughter, Margaret Wellons Stroud, and to her .children, if she never have any children then in that event she never does have any," we would reach the same conclusion, because there being no· child born at the time of the execution of the deed and no intermediate estate, after-born children could not take (*Powell v. Powell*, 168 N. C., 561), and the conveyance would be to the granddaughter alone, which would be in fee, without words of inheritance, because the deed bears date since the act of 1879 (Rev., sec. 946), but defeasible if no child was born, and absolute when a child was born, under the *Murray case,* which event has taken place.

We therefore conclude, in any view of the case, the plaintiffs can convey a good title to the defendant, and this carries out and gives effect to the intent of the grantors, manifest on the face of the deed, which was executed twenty-two years before the marriage of the granddaughter, when she was a small child, in consideration "of natural love and affection for her better maintenance and preferment," the grantors having in mind that she might not reach womanhood, but desiring, if she did so and married, her estate should be absolute upon the birth of a child.

Affirmed.