LENNON F. FOLEY v. J. Q. IVEY et al.

(Filed 30 March, 1927.)

**Estates—Rule in Shelley's Case—Fee Simple—Deeds and Conveyances.**

Where in the premises of a deed lands are conveyed to B., "and to his heirs and assigns forever," and after the description of the land, "to and for B. during his natural life, and after that to the heirs of his body only, followed by the *habendum* "to have and to hold . . . unto the said party of the second part, his heirs and assigns forever": *Held,* B. takes an estate in fee.

APPEAL by defendants from *Barnhill, J.,* at February Term, 1927, of ROBESON.

*Dickson McLean, H. E. Stacy and C. W. Pridgen, Jr., for appellants.*
*W. Osborne Lee and Robert E. Lee for appellees.*

ADAMS, J. This is a controversy without action. C. S., 626. The plaintiff contracted to sell and the defendants to buy a tract of land at the agreed price of six hundred dollars; but when a deed properly executed and sufficient in form was tendered, the defendants declined to accept it or to make payment on the ground that the plaintiff has only a life estate in the land. The land was conveyed by the elder Frederick Bass and his wife to Frederick Bass, Jr., and afterwards to the plaintiff by Frederick Bass, Jr., and his wife. The single question is whether the younger Frederick acquired a title in fee; if so, the plaintiff likewise has the fee and the defendants must comply with their contract. It was adjudged at the hearing that the plaintiff has a title in fee and that the defendants must pay the purchase price.

In the premises the deed purports to convey the land to Frederick Bass, Jr., "and to his heirs and assigns forever." The description is followed by the clause, "this deed shall hold good to and for the said Frederick Bass, Jr., during his natural life and after that to the heirs of his body only"; and this is succeeded by the *habendum,* "To have and to hold . . . unto the said party of the second part, his heirs and assigns forever."

The words used in the premises and in the habendum clearly import a fee; and in the intervening clause the limitation by way of remainder after the life of Frederick Bass, Jr., "to the heirs of his body only," under the rule in *Shelley's case,* entitled the ancestor to the whole estate. *Daniel v. Bass, ante,* 294; *Benton v. Baucom,* 192 N. C., 630. In our opinion the addition to the usual formula of the word "only" is not sufficient to justify the conclusion that the phrase "heirs of

his body" was not employed in the usual technical sense, but on the other hand as indicating issue or children. It will be noted that there is no limitation over in the event of the grantee's death without "bodily heirs," or "heirs of his body," or "lawful heirs," and in this respect several of the cases cited in the appellants' brief are distinguishable from the case under consideration.

Affirmed.