SUDIE M. PAUL ET AL. v. GLADYS PAUL ET AL.

(Filed 1 October, 1930.)

1. **Deeds and Conveyances C c—Deed in this case held to convey fee tail special which is converted into fee simple by C. S., 1734.**

Where a deed is executed to "M. and the heirs of her body by her husband S. begotten, or upon failure thereafter her death to the nearest heirs of S.," and at the date of the execution of the deed M. has children living : *Held*, the deed conveys a fee tail special to M. which is converted to a fee simple by C. S., 1734, defeasible upon her dying without surviving children by S., and her children do not take as tenants in common with her, C. S., 1739,·providing that a limitation to the heirs of a living person shall be construed to be to the children of such person, being applicable only when there is no precedent estate conveyed to the living person, and the condition as to the failure of heirs referring to the death of M. without surviving children and not to the birth of issue, there being issue born at the date of the execution of the deed, and the ulterior limitation is not barred by the birth of such issue. *Sharpe v. Brown*, 177 N. C., 294, cited and distinguished.

2. **Deeds and Conveyances C a—General rules for construction of deeds.**

In construing a deed such a construction should be given as is most agreeable to the intent of the grantor as expressed in instrument, and technical rules of construction serve only as aids to this end, the meaning of the deed depending largely upon the circumstances of the grantor as they appear in the deed itself.

APPEAL by defendant S. E. McCotter and wife, from *Nunn, J.,* at May Term, 1930, of PAMLICO. Reversed.

The plaintiffs brought a special proceeding for the partition of land and the defendants, S. E. McCotter and wife, filed an answer denying that the plaintiffs have any title, and in effect pleading sole seizin. It appears from the facts found by the trial court that on 1 June, 1905, John F. Paul executed and delivered to Mattie Paul a deed in which for a consideration of $3,000 he conveyed "to said Mattie Paul and the heirs of her body by Smith Paul begotten, or upon failure thereafter her death to the nearest heirs of Smith Paul, a certain tract or parcel of land in Pamlico County," containing fifty acres. The habendum is "to the said Mattie Paul, aforesaid heirs, and assigns," and the covenants were made with "said Mattie Paul, aforesaid heirs and assigns."

On 1 June, 1921, Mattie Paul and her husband Smith Paul gave their note to the Bank of Pamlico for $1,945.50, and secured it by a deed of trust with warranty of title to J. S. Weskett, as trustee. The deed of trust was foreclosed on 22 October, 1927, and the defendant, Estelle McCotter became the purchaser at the price of $1,900 and received a deed from the trustee purporting to pass the title in fee.

On 15 March, 1928, McCotter and his wife brought suit in ejectment against Smith Paul and wife to recover possession .of the land and the

latter, admitting their execution of the deed of trust and the sale there-under, defended on the ground that the deed of trust conveyed only an undivided one-eleventh interest in the land, and that the ten children born of the marriage of Smith Paul and Mattie Paul were tenants in common with their mother. They asked that the children be made parties, and the land divided into eleven equal shares. The judge before whom that action was tried held that the children had no interest in the land and refused to make them parties; but the survivors, excepting one who is a defendant, afterwards instituted this proceeding.

When John F. Paul made the deed to Mattie Paul, she had two living children by her husband, Smith Paul, and within ten lunar months thereafter another child, the defendant, Gladys P. Paul, was born to them. Mattie Paul and Smith Paul, her husband, are living.

Upon the facts as found it was adjudged that the three children last named have, each, an undivided one-fourth interest in the land in fee simple; that Mattie Paul has an undivided one-fourth interest for life, with remainder after her death to the heirs of her body by Smith Paul; if any, and if none then to the heirs of Smith Paul; and Estelle McCotter is the owner of the life estate of Mattie Paul; and that the interest of Reginald Paul (who was living when Mattie Paul received her deed and who died 11 August, 1920), descended to his heirs. Commissioners were appointed to make partition as adjudged.

The defendants McCotter and wife excepted and appealed.

*Z. V. Rawls for appellants.*
*F. C. Brinson and D. L. Ward for appellees.*

ADAMS, J. The judge presiding at the trial was of opinion that John F. Paul's deed conveyed the land in controversy to Mattie Paul and the children living and *in esse* as tenants in common. This would have been correct if the deed had been made to Mattie Paul and her children. *Tate v. Amos,* 197 N. C., 161. But it was executed "to Mattie Paul and the heirs of her body by Smith Paul begotten." The estate thus created was under the old law a fee tail special (2 Bl., 113), which our statute enlarges into a fee simple. C. S., 1734. The law is clearly stated in *Revis v. Murphy,* 172 N. C., 579, and *Jones v. Ragsdale,* 141 N. C., 200. In the last case the conveyance was "to Zilphia S. Jones and her heirs by her present husband"; and at the time the deed was executed they had one living child. It was held that Zilphia and her child were not tenants in common, the statute (C. S., 1739) providing that a limitation to the heirs of a living person shall be construed to be the children of such person, being applicable only when there is no precedent estate conveyed to the living person. *Marsh v. Griffin,* 136 N. C., 334.

As that part of the deed set out above vests in Mattie Paul an estate in fee, the next question relates to the effect of the succeeding clause, "or upon failure thereafter her death to the nearest heirs of Smith Paul."

This inartificial language reminds us that, as said by *Lord Chief Justice Wills*, such a construction should be made of the words of a deed as is most agreeable to the intention of the maker, because "words are not the principal thing in a deed, but the intent and design of the grantor." *Cobb v. Hines*, 44 N. C., 343, 349. The intent must be such as is expressed in the deed and not such as may have existed in the grantor's mind if inconsistent with the language he used. *McIver v. McKinney*, 184 N. C., 393; *West v. Murphy*, 197 N. C., 488. Technical rules of construction serve only as aids to this end, because the meaning of the deed depends largely upon the circumstances of the grantor as they appear in the deed itself.

The maker of the deed had in mind an ulterior limitation—"upon failure." Upon failure of whom? Evidently of "the heirs of her body by Smith Paul begotten." The failure referred to is not the failure of the birth of issue; for Mattie and Smith Paul had two living children when the deed was executed. This fact, if no other, excludes the application of the principle stated in *Sharpe v. Brown*, 177 N. C., 294. There the conveyance, which was executed on 30 December, 1893, was "to Margaret Wellons Stroud, and to the heirs of her own body, if she never have any heirs of her own body, then in that event she never does have any, then it is to go to M. M. Stroud and T. W. Stroud their life, and then to their children." Margaret intermarried with R. C. Sharpe in 1915 and in 1917 a child was born of the marriage. It was held that the grantee took an estate tail, converted into a fee, and that the birth of issue defeated the limitation over. The principle was applied in *Bank v. Murray*, 175 N. C., 64.

It is manifest, we think, that the grantor did not intend that the ulterior limitation should be barred by the birth of issue, for the reason, as stated, that there were living children born of the marriage when the deed was executed. The failure of bodily heirs must therefore refer to a later period—that is, the death of Mattie Paul. We construe the deed as expressing an intention to convey the land to Mattie Paul and the heirs of her body by Smith Paul begotten, and upon the failure thereof (of such issue) living at her death to the nearest heirs of Smith Paul. By this construction Mattie Paul took an estate in fee simple, defeasible upon her dying without bodily heirs by Smith Paul, living at her death; and as Estelle McCotter acquired the title of Mattie Paul the plaintiffs have no interest in the land and cannot maintain the present action. *Willis v. Trust Co.*, 183 N. C., 267; *Williams v. Blizzard*, 176 N. C., 146; *Sessoms v. Sessoms*, 144 N. C., 121; *Smith v. Brisson*, 90 N. C., 284.

Judgment reversed.