J. L. MOREHEAD v. R. W. MONTAGUE, ADMINISTRATOR, ET AL.

(Filed 25 March, 1931.)

1. **Deeds and Conveyances C c—Deed to A. during her lifetime and at her death to the heirs of her body begotten by T. conveys fee to A.**

   A deed to lands by a husband to his wife during her lifetime and at her death to the heirs of her body begotten by him, and in the event no heirs are born to them the land to revert to the grantor: *Held,* upon the birth of a child to them the limitation over is defeated, and the estate vests in the wife in fee tail special, which is converted into a fee simple by C. S., 1734.

2. **Same—Rule in Shelley's case applies where lands are conveyed to A. and the heirs of her body begotten by her husband T.**

   Were a husband conveys his lands to his wife for life and to her bodily heirs begotten by him, the estate conveyed is an estate tail special under the rule in *Shelley's case,* converted into a fee simple absolute by our statute. C. S., 1734.

APPEAL by plaintiff from *Moore, Special Judge,* at February Term, 1931, of WAKE. Affirmed.

The plaintiff brought suit to recover of the defendant Montague, as administrator of E. R. Gulley, deceased, the sum of $1,500 for the alleged wrongful cutting and removal of timber from land claimed by the plaintiff. The parties agreed upon the facts which are substantially as follows: J. K. Todd was the owner in fee of a tract of land in Johnston County. On 17 December, 1897, he executed a deed purporting to convey the land to Della Todd, his wife, "during her lifetime, and

at her death to the heirs of her body begotten by J. K. Todd." The deed contained these additional provisions: "In the event no heirs are born to them, then the land is to revert to J. K. Todd, his heirs, at the death of Della Todd." The habendum follows: "To have and to hold, the aforesaid tract or parcel of land and all the privileges and appurtenances thereto belonging to the said Della Todd during her natural lifetime at her death to the heirs of her body begotten by J. K. Todd in the event that no heirs are born to them then the land is to revert to J. K. Todd and his heirs at the death of Della Todd to their only use and behoof forever."

J. K. Todd and Della Todd had a son, Jack Marlan Todd, who was born 20 October, 1898. In 1914 the husband and wife were divorced *a vinculo.*

On 25 November, 1903, J. K. Todd and his wife executed a deed purporting to convey the land in fee simple to E. R. Gulley. The deed was recorded and Gulley held possession of the property from the date of his deed to 22 April, 1929. On 26 August, 1922, Jack Marlan Todd executed a deed, which was duly recorded, purporting to convey the land in fee to J. L. Morehead, the plaintiff. E. R. Gulley and his wife executed to trustees a deed of trust dated 13 February, 1928, which was duly registered, to secure the payment of a note in the sum of $4,000, due the Bank of Wendell. On 22 April, 1929, E. R. Gulley and his wife transferred the land in controversy and other property to trustees by a deed which also is registered. E. R. Gulley died 15 May, 1929, and the defendant Montague is his administrator.

During the lifetime of the said E. R. Gulley he contracted to sell and did sell to Guy C. Lee, a number of logs and standing timber trees on the aforesaid lands, at an agreed price of $6.00 per thousand feet for the logs and $5.00 per thousand feet for the standing timber trees, and thereafter, before the purchase price for said logs and timber trees had been paid, E. R. Gulley died, and thereupon, commissioners were appointed in the case of *Bank of Wendell v. E. R. Gulley,* with which case this action was later consolidated, and the commissioners collected from Guy C. Lee the full amount of the value of all logs and timber trees which had been cut and removed from said lands, which amount the commissioners paid to J. W. Bunn, attorney for the Bank of Wendell, pursuant to directions in a former judgment of the court in said action.

The plaintiff brought suit to recover the value of the timber.

It was adjudged upon the facts agreed that J. K. Todd and his wife conveyed to E. R. Gulley a title in fee and that the plaintiff is not entitled to the relief prayed. The plaintiff excepted and appealed.

*J. L. Morehead and W. H. Murdock for plaintiff.* ·

*Bunn & Arendell, James D. Parker, Winfield H. Lyon and Phillip Whitley for defendants.*

ADAMS, J.   Our disposition of the present appeal is dependent upon the interpretation of the deed executed by J. K. Todd on 17 December, 1897.   If his deed conveyed to Della Todd, his wife, a title in fee, the deed which he and his wife executed and delivered to E. R. Gulley on 25 November, 1903, likewise conveyed the fee, and not merely an estate for her life.

A conveyance of land "to Della Todd during her lifetime and at her death to the heirs of her body," without additional words, would transfer the fee.   *Foley v. Ivey,* 193 N. C., 453; *Tyson v. Sinclair,* 138 N. C., 23; *Leathers v. Gray,* 101 N. C., 162.   What is the effect of the qualifying words, "begotten by J. K. Todd"?

In *Thompson v. Crump,* 138 N. C., 32, this Court held that a devise of land "to my son James for and during his life, and after his death to his lawful heirs, born of his wife," was not within the rule in *Shelley's case,* the words "born of his wife" qualifying the explaining phrase "his lawful heirs," so as to confine the remainder to the children of his wife and to prevent the operation of the rule.   The decision followed *Dawson v. Quinnerly,* 118 N. C., 188.   But in *Sessoms v. Sessoms,* 144 N. C., 121, the Court disapproved the ruling in these cases and in *Bird v. Gilliam,* 121 N. C., 326, and held that the first devisee takes an estate in fee simple if the terms of the devise carry the entire estate in fee tail, whether general or special.   So it has been held that a deed conveying land to a married woman and her heirs "by her present husband" vests an estate in fee.   *Jones v. Ragsdale,* 141 N. C., 200; *Paul v. Paul,* 199 N. C., 522.   Under the former law the estate would have been a fee tail special, but our statute provides that every person seized of an estate tail shall be deemed to be seized thereof in fee simple. C. S., 1734.   The rule in question applies where there is a gift to a husband with remainder to the heirs of his body by his present wife, or to a wife with remainder to the heirs of her body by her present husband.   In the first instance the heirs are to be ascertained upon the death of the husband; in the latter upon the death of the wife.   I Tiffany on Real Property, 532, sec. 148.   It will be noted that the limitation over was defeated and the estate became absolute upon the birth of the son, Jack Marlan Todd.   *Radford v. Rose,* 178 N. C., 288. Judgment

Affirmed.