SOUTHERN REAL ESTATE LOAN AND TRUST COMPANY, A CORPORATION, v. THE ATLANTIC REFINING COMPANY, A CORPORATION.

(Filed 9 October, 1935.)

**Judicial Sales A a—Commissioner appointed to make judicial sale held without authority to insert restrictions in deed to purchaser.**

A commissioner was authorized by the court to sell part of the lands of an estate for reinvestment under the provisions of N. C. Code, 1744. There were no restrictions in regard to the use of the property of the estate, and in the commissioner's report and recommendation of the offer to purchase no authority to restrict the use of the property was asked, and none granted in the order of the court. The commissioner executed deed to the purchaser upon the order of the court, but inserted restrictions in the deed limiting the use of the property to white people and residence purposes. *Held:* The commissioner was without authority to insert the restrictions in the deed to the purchaser, his authority being limited under the order of the court to the sale of the property and the disposition of the proceeds of sale, and the restrictions were null and void and the purchaser at the sale may transfer title free of the restrictions.

APPEAL by defendant from *McElroy, J.,* at Regular April Term, 1935, of MECKLENBURG. Affirmed.

The plaintiff brings this action to enforce specific performance of a contract made by defendant to purchase a certain piece of land, a part of the "Dotger Estate," which originally consisted of about 90 acres of land, a large portion fronting on East 7th Street, in the city of Charlotte, N. C. The case was heard on an agreed statement of facts. The material portions of the agreed statement of facts for the determination of this controversy are as follows: "The 90-acre tract of land known as the Dotger Estate, which tract of land is described and referred to in Covenant to Stand Seized executed by Andrew J. Dotger and wife, Clara L. Dotger, to Henry C. Dotger and others, and recorded in the Mecklenburg Registry, in Book 134, page 497. That in 1911 a civil action was instituted in the Superior Court of Mecklenburg County by Henry C. Dotger and others against Fidelity Trust Company, executor, and others, all of the parties interested in the Dotger Estate being made parties thereto, for the purpose of selling the land of the Dotger Estate for reinvestment under what is now section 1744 of the North Carolina Code. That thereafter, in January, 1912, an order was entered in said action appointing the American Trust Company as commissioner for the purpose of making sale of said lands and reinvestment of the proceeds from such sale, said commissioner being clothed with full power and authority to sell said lands, or any parts or parcels thereof, subject to confirmation of the court. . . . On 8 February, 1919, the American Trust Company, commissioner, filed a report setting forth an offer of A. W. Burch to purchase that part of the second tract shown as Burch lot on Exhibit 'A' for his wife, Freda L. Burch; the price to be paid, manner of payment and recommended acceptance of said offer. Thereafter, on 19 February, 1919, an order was entered by the judge presiding confirming said proposed sale and directing the American Trust Company, commissioner, to make title to said property to the said Freda L. Burch upon the terms therein set forth. No authority to restrict the property was asked in the report or granted in the order. Pursuant to said order, deed was executed by the American Trust Company, commissioner, to Freda L. Burch, recorded in Book 402, page 354, of the Mecklenburg Registry, which deed contained the following restrictions: '(a) The property shall be used for residential purposes only and shall be occupied and owned by people of the white race only. (b) No residence shall be erected on the property at a cost of less than $4,000.' "

The defendant in its answer and as a defense to the complaint of plaintiff says: "That said deed from the American Trust Company, commissioner, to Mrs. Freda L. Burch (now Nisbet) is recorded in the office of the register of deeds for Mecklenburg County, North Carolina,

in Book 402, page 354, which deed contains the following conditions and restrictions: [Naming the above (a) and (b)]. That the defendant is informed and ·believes, and so alleges, that said restrictions are valid, binding, and enforceable restrictions against said lot, and that the said Mrs. Freda L. Burch Nisbet and husband, C. R. Nisbet, cannot, therefore, convey said lot free and clear of said restrictions."

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, P. A. McElroy, judge presiding over the April, 1935, Regular Term of Superior Court of Mecklenburg County, and the parties having expressly waived a jury trial and agreed upon a statement of facts to be found by the court, and having agreed that his Honor could render judgment as to the validity of the title offered by the plaintiff upon the admission in the pleadings and the agreed statement of facts, which agreed statement of facts is made a part hereof. Now, therefore, his Honor, P. A. McElroy, being of the opinion upon the admissions in the pleadings and the agreed statement of facts that Mrs. Freda L. Burch Nisbet is vested with the fee-simple title to the tract of land described in paragraph 1 of the complaint, free and clear of any and all conditions, reservations and restrictions, and the deed of Mrs. Freda L. Burch Nisbet and husband, C. R. Nisbet, is sufficient to convey a fee-simple title to said land to the defendant, free and clear of· any and all conditions, reservations, and restrictions: It is therefore ordered that the defendant be and it hereby is required to accept the deed tendered to it for said land and to pay the plaintiff the purchase price agreed to by it, together with the cost of this action. This 1 April, 1935.   P. A. McElroy, Judge Presiding."

The defendant excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*J. M. Shannonhouse for plaintiff.*
*R. Paul Jamison for defendant.*

Clarkson, J.   N. C. Code, 1931 (Michie), section 1744, in part, is as follows: "In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale or mortgage of the property by a proceeding in the Superior Court, which proceeding shall be conducted in the manner pointed out in this section. . . . The court shall, if the interest of all parties require or would be materially enhanced by it, order a sale of such property or any part thereof for reinvestment," etc.

In the 90-acre Dotger Estate land sold under this act there were no restrictions. The land was sold for reinvestment under the statute. The action under this section is to give the purchaser a fee-simple title.

In the sale of the lot in question an offer was made by A. W. Burch on behalf of his wife, Freda L. Burch (now Nisbet), to the commissioner to purchase the land in controversy, the price to be paid and manner of payment. The commissioner recommended acceptance of this offer. "No authority to restrict the property was asked in the report or granted in the order."

The judge presiding made an order confirming the proposed sale and directed the commissioner to make title to said property to the said Freda L. Burch. The commissioner had no power or authority to put the following restrictions in the fee-simple deed made to Freda L. Burch: "(a) The property shall be used for residential purposes only, and shall be occupied and owned by people of the white race only. (b) No residence shall be erected on the property at a cost of less than $4,000." The restrictions are null and void. Thompson on Real Property, 1929 Supplement, section 2719, p. 934, speaking of the rights of purchaser at judicial sale, says: "The purchaser is entitled to a sound and marketable title."

In *Meroney v. Tannehill,* 215 Pac. Rep. (Okla.), 939 (943), citing numerous authorities, we find: "It may be contended, however, that the doctrine of *caveat emptor* applies, and that plaintiffs in error, purchasers at the judicial sale, must be content with whatever title they acquired. This position is not sound. The doctrine has been so relaxed that the purchaser at a judicial sale is entitled to expect and obtain a sound and marketable title to the property sold."

In *Horton v. Jones,* 167 N. C., 664 (668), it is said: "Among cases of judicial sales that are void, Judge Freeman instances those 'where the property was not described in the pleadings upon which the judgment or order was based.' Void Judicial Sales, page 19, par. 4 A. Again: 'A license to sell, granted without any petition therefor, is void.' Par. 11, page 53. Again, at page 58: 'The property sold must be described in the petition. No jurisdiction is obtained over that which is not described.' To same effect is *Verry v. McClellan,* 6 Gray (Mass.), 535; *Colligan v. Cooney,* 107 Tenn., 214; *Wakefield v. Camel,* 37 Am. Dec., 60; *Falls v. Wright,* 55 Ark., 562; Black on Judgments, sec. 242, *et seq.*"

In *Peal v. Martin,* 207 N. C., 106 (108), speaking to the subject, it is said: "A commissioner appointed by a court of equity to sell land is empowered to do one specific act, viz., to sell the land and distribute the proceeds to the parties entitled thereto. He has no authority and can exercise no powers except such as may be necessary to execute the decree of the court."

In the agreed case there are other matters debated *pro* and *con* in the able briefs of the litigants in reference to the validity and invalidity of the restrictions. It is not necessary to consider them from the view we take of this case.

For the reasons given, the judgment of the court below is

Affirmed.