J. L. MOREHEAD v. H. L. BENNETT.

(Filed 31 May, 1941.)

**1. Receivers § 11—**

A receiver's authority to sell real estate is predicated upon, and limited by, the court's order of sale, and the sale is made effective by the court's order of confirmation, and therefore, in ascertaining the receiver's authority to sell and in determining what land is conveyed, the order of sale, the report of sale, and the order of confirmation must be considered together as one instrument.

**2. Same—**

It is the duty of the purchaser at a receiver's sale to see that the receiver was authorized by the court to make the sale, that the sale was made under such authority, that the sale was confirmed, and that the deed accurately described the land which the receiver was directed to sell.

**3. Same—Receiver's deed cannot convey property which he was not authorized and directed to sell.**

A receiver was authorized and directed to abandon certain lots which were subject to municipal liens for public improvements, and was further ordered to sell all the property of the insolvent corporation "except such lots as are surrendered to the city as herein provided for." The report of sale recited the land sold as all the real estate of the corporation in the city "consisting of certain unimproved lots or other real estate." The order of confirmation described the land in the language of the receiver's report. The deed to the purchaser recited the order of sale, including the direction for the abandonment of certain lots to the city. *Held:* The purchaser did not acquire title to the lots directed by the court to be abandoned to the city.

DEVIN, J., not sitting.

APPEAL by plaintiff from *Stevens, J.,* at December Term, 1940, of DURHAM. Affirmed.

Civil action to compel specific performance of a contract to purchase real estate.

The receiver appointed for the Durham Land & Security Company, an insolvent corporation, reported to the court that certain land belonging to the corporation, situate within the corporate limits of the city of Durham, was subject to assessments for streets, sewer, gas and water in

an amount equal to or in excess of its value and recommended that such land be abandoned to the city, which held tax sales certificates therefor. Thereupon the court "Ordered that the Receiver is authorized, instructed and directed to abandon those lots, and to surrender same to the City of Durham, against which street paving assessments and assessments for gas, water and sewer connections had been levied by the City."

It was further "Ordered That the Receiver be, and he is hereby authorized and directed to sell all of the property, estates, and assets of the defendant, Durham Land and Security Company, except such lots as are surrendered to the City of Durham as herein provided for, said sale to be held, etc.   .   .   ."

Pursuant to said order, the receiver, after due advertisement, sold said land on 16 December, 1933, at public auction to plaintiff.   He reported the sale to the court for confirmation.

The report of sale described the land sold as follows: "All of the real estate or rights, titles or interest in the real estate of the Durham Land & Security Company, consisting of certain unimproved lots or other real estate in the eastern section of the City of Durham, or adjacent thereto or wheresoever located."

The court, on 29 December, 1933, entered a decree of confirmation reciting that sale was had pursuant to the former order of the court and describing the land in the language contained in the receiver's report.

Deed was executed by the receiver 2 January, 1934, and delivered to the purchaser.   This deed recites the order of sale, specifically quoting that part thereof which directed the sale of the land of the corporation "except such lots as are surrendered to the City of Durham as herein provided for."   It further recites that the land was sold pursuant to the order of sale and that the order of sale had been complied with in all respects.

In 1940, plaintiff contracted to sell to defendant and defendant agreed to purchase a lot situate on the corner of Holloway and Flora Streets, which lot is admittedly one of those the court directed to be abandoned to the city.   The defendant declined to comply with his contract for that the plaintiff's title is defective and he cannot convey a good, marketable title as he contracted to do.   Thereupon this action was instituted to compel performance by defendant.   When the cause came on to be heard on the pleadings the court, "being of the opinion that title to the lot in question, and described in the complaint, was not transferred or conveyed to plaintiff by the deed of the receiver of the company holding title to said lot," entered judgment denying the relief prayed and dismissing the action.   Plaintiff excepted and appealed.

*Albert W. Kennon, Jr., for plaintiff, appellant.*
*No counsel for defendant, appellee.*

MOREHEAD *v.* BENNETT.

BARNHILL, J.  Plaintiff asserts that no abandonment of the property subject to assessment was ever effected by the execution of any instrument of conveyance or release and that the city of Durham, on 19 August, 1940, executed a disclaimer, renouncing all claim to said property, but reserving its tax and assessment liens.  Hence, he argues, title to all of the property of the insolvent corporation vested in him.

Plaintiff's title is not dependent upon what the city did or did not receive.  Nor is the effectiveness of the order directing an abandonment material.  He acquired title to only so much of the property as was sold by the receiver and conveyed in his deed.

The receiver had no authority to sell the real estate of the corporation except upon the order of the court and he could sell only such as the court directed.  23 R. C. L., 98.  Upon sale being made, it was the duty of the purchaser to see that such receiver was authorized by the court to make sale; that the sale was made under such authority; that the sale was confirmed; and that the deed accurately described the land which the receiver was directed to sell.  23 R. C. L., 101.

There can be no judicial sale except upon a preëxisting order of sale. Freeman, Void Jud. Sales, 3rd, p. 1.  If a sale be void because it included property not described in the decree or order of sale, an order confirming it is necessarily inoperative.  Freeman, etc., p. 73.  The order directing the sale and the order confirming it give vitality to the purchase.  Freeman, etc., 74.  Both are essential.  Neither, alone, is sufficient.

Hence, to ascertain the receiver's authority and to determine what land was conveyed to plaintiff the order of sale, the report of sale and the decree of confirmation must be considered together as one instrument.

This property was expressly excepted from the order of sale.  The property sold was duly advertised and the sale was had "pursuant to the order of sale."  It was so reported to the court and the decree of confirmation so recited.  It is, therefore, apparent that the receiver did not convey or attempt to convey any of the property which he was directed to abandon to the city.

This conclusion is confirmed by the deed itself.  Express reference is made to the order of sale and the sale thereunder, and that part of the decree which excepted the property to be released to the city is quoted *verbatim.*

The report by the receiver that he had sold the property of the corporation, incorporating a description which, standing alone, is sufficient to include all the property owned by the corporation at the time of the appointment of the receiver, as confirmed by the court, is not sufficient to pass title to the land directed to be released and abandoned to the city. The record as a whole discloses that it was not so intended.

Likewise, the suggestion that the judge confirmed the sale of land not included in but expressly excepted from the original order and thus validated the sale of the *locus in quo* is without merit and cannot be sustained.

The plaintiff, under the deed to him from the receiver, has no just claim to the lot in controversy and the other land "directed to be abandoned."

To whom the property belongs since the city has disclaimed title thereto is not at present our concern. That is another matter.

The judgment below is
Affirmed.

DEVIN, J., not sitting.