MRS. BEATRICE JOHNSON v. FUTRELL BROTHERS LUMBER COMPANY AND B. S. FUTRELL AND J. B. DUNLAP.

(Filed 21 November, 1945.)

**1. Deeds § 24: Trespass §§ 1c, 2: Judgments § 22b—**

Where plaintiff's complaint alleges that defendants were wrongfully attempting to cut timber on her land beyond the time limited in a consent decree in the proceeding under which defendants purchased, and that defendants wrongfully had caused injury to plaintiff's cultivated lands, and asking for a restraining order and damages based thereon, plaintiff's action may not be regarded as a collateral attack on the judgment in the special proceeding for sale of timber, but rather it is an action maintainable in the Superior Court, founded on the allegations of the complaint: and a demurrer to the complaint was properly overruled.

**2. Judgments § 2—**

The court has no power to change the terms of an original consent decree for the sale of lands in a special proceeding, without the consent of all parties.

**3. Partition §§ 4c, 4d: Judgments § 29—**

> Commissioners, appointed by decree in a special proceeding to sell lands, can convey only in accordance with the terms of the order; and purchasers are chargeable with notice of the proceeding under which they purchase and are bound by the limitations upon their rights appearing on the face of the record.

APPEAL by plaintiff and defendants from *Dixon, Special Judge,* at February Term, 1945, of LEE.

Action to restrain cutting timber and for damages. Plaintiff alleged that she and her brother and sisters were tenants in common in certain land in Lee County, and that by actual partition she has been allotted therefrom a tract of 71 acres; that before the actual partition the tenants in common, by petition and answer, instituted proceeding to sell for division the timber on all the lands, including that subsequently allotted plaintiff, and that by consent 15 March, 1943, an order was entered by the clerk appointing commissioners to sell the timber at private sale for the best price obtainable, with "not over nine months within which to cut and remove same"; that on 9 June, 1943, the commissioners reported bid of $3,300 for the timber "allowing twelve months within which to cut and remove same," with usual rights of way, and on 21 June, 1943, an order was entered to that effect by the clerk, and on the same day deed was executed by the commissioners to defendants for the timber, allowing 12 months from 21 June, 1943, to cut and remove same. Plaintiff alleges she and the other tenants in common never agreed to the change of the time to cut the timber from 9 to 12 months, and that the attempt to do so was without their knowledge and consent; that the cutting of timber by defendant since 21 March, 1944, on her land was wrongful, and should be restrained, and that she is entitled to the timber cut but not removed since that date. Plaintiff further alleged damages for wrongful injury to her cultivated lands caused by defendants' operations.

Defendants in answer alleged that defendants offered $3,300 for the timber with 12 months time, and that this offer was accepted by the commissioners and confirmed by the clerk, allowing 12 months within which to cut and remove the timber; that the defendants relied upon the acceptance of their offer and the order of the clerk, and in good faith paid $3,300 for the timber conveyed in the commissioners' deed.

Defendants further allege that one of the commissioners had been attorney for plaintiff, and that with knowledge of all the facts she accepted her share of the proceeds of sale and ratified and affirmed the sale, and is now estopped to assert that the clerk or commissioners were without authority to make the sale on the terms offered, or to deny defendants' right to cut, or their title to the timber. Defendants set up a

counterclaim for damages for interference by plaintiff with their operations, and for a further defense defendants say if they be held to nine months time, having in good faith paid $3,300 for 12 months time, they should be entitled to recover a proportionate part of the purchase price.

On the hearing the defendants demurred *ore tenus* on the ground that the complaint did not state sufficient facts to constitute a cause of action. After the jury had been impaneled the court ruled that plaintiff's only remedy was by motion in the original special proceeding for sale of the timber, and, treating the complaint as a motion in the cause, remanded the cause to the clerk. The demurrer was overruled.

Both plaintiff and defendants appealed.

*K. R. Hoyle for plaintiff.*
*Gavin, Jackson & Gavin and D. E. McIver for defendants.*

## PLAINTIFF'S APPEAL.

DEVIN, J. The plaintiff appealed from the order of the court below remanding the cause to the clerk and holding that her only remedy was by motion in a special proceeding heretofore determined. She contends that having instituted in the Superior Court an action cognizable in that court, the trial judge was in error in remandng the cause to the clerk, and in that view we concur.

The plaintiff alleged that in a special proceeding to which she was a party there was a consent decree entered that the timber on the land be sold for division, with provision in the order that the timber be cut and removed within nine months, and that this period expired 21 March, 1944. She alleged that defendants, the purchasers, were attemptng to cut timber on her land after that date. She sought to restrain them from so doing, and to establish her right to timber cut and not removed within defendants' term, and also to recover damages for injury to her cultivated land caused by defendants' operations. Upon this the defendants joined issue denying the decree was by consent, and alleging offer, acceptance and sale to them of the timber on twelve months time for $3,300, confirmed by the clerk. They allege estoppel *in pais,* set up counterclaim, and plea for recovery of a portion of purchase price.

Plaintiff having alleged that the defendants wrongfully were attempting to cut timber on her land beyond the time limited in the consent decree in the proceeding under which the defendants purchased, and that defendants wrongfully had caused injury to plaintiff's cultivated lands, plaintiff's action for restraining order and for damages based on these allegations would be maintainable in the Superior Court. Her action may not be regarded as a collateral attack on the judgment in the special

proceeding, but rather an action founded upon the consent decree therein for relief against defendants for wrongfully cutting her timber after defendants' rights had expired. *Hargrove v. Wilson,* 148 N. C., 439, 62 S. E., 520, cited by defendants, is not in point. That was an action in term time to set aside a decree and sale in partition on the ground that plaintiffs had not been made parties. Since it appeared on the face of the record that they had been made parties, it was held that a motion in the cause in that case, rather than an independent action was the proper remedy.

If the original order of sale was a consent decree, as alleged, the court had no power to change its terms without consent of all parties, except on the ground of fraud or mistake. *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209; *Jones v. Griggs,* 223 N. C., 279, 25 S. E. (2d), 862. And the commissioners could convey only in accord with the terms of the order. *Morehead v. Bennett,* 219 N. C., 747, 14 S. E. (2d), 785; *Trust Co. v. Refining Co.,* 208 N. C., 501, 181 S. E., 633; 31 Am. Jur., 433. The purchasers were chargeable with notice of the proceeding under which they purchased and were bound by the limitations upon their rights appearing on the face of the record. *Butler v. Winston,* 223 N. C., 421, 27 S. E. (2d), 124; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873; *Bladen County v. Breece,* 214 N. C., 544, 200 S. E., 13; *Whitted v. Fuquay,* 127 N. C., 68, 37 S. E., 141.

Upon the facts alleged by the plaintiff in her pleadings, we think there was error in remanding the cause to the clerk.

## DEFENDANTS' APPEAL.

The defendants appealed from so much of the judgment below as overruled their demurrer *ore tenus* on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Giving to the plaintiff's allegations that liberal construction enjoined by the statute and by the decisions of this Court (*Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874), we do not think the complaint can be overthrown by demurrer as insufficient to state a cause of action. The demurrer was properly overruled and the judgment in that respect is affirmed.

On plaintiff's appeal: Error and remanded.

On defendants' appeal: Affirmed.