PRATHER B. PITTMAN AND WIFE, QUINTALINE P. PITTMAN, v. MRS. AGNES PITTMAN STANLEY.

(Filed 14 December, 1949.)

**1. Deeds § 13b—**

A deed to grantor's wife "and to her heirs" by grantor, conveys a fee tail special, converted by our statute into a fee simple absolute. G.S. 41-1.

**2. Deeds § 11—**

While every part of a deed should be considered in order to determine the intent of the grantor, where he uses technical words having a clearly defined legal significance under an accepted canon of construction which has become a settled rule of law and of property, there is no room for construction to ascertain the intent and the words must be given their legal meaning and effect.

APPEAL by plaintiffs from *Burney, J.,* at May Term, 1949, of ROBESON. Affirmed.

The plaintiffs filed petition for partition of land, alleging tenancy in common with the defendant. The defendant pleaded sole seizin. Both parties claimed under deed from A. B. Pittman, the father of plaintiff Prather B. Pittman, to Agnes L. Pittman, the defendant, then the wife of the grantor, dated 2 January, 1909, conveying the land "to Agnes L. Pittman and to her heirs by A. B. Pittman." It was admitted that plaintiff was born subsequent to the execution of the deed, in May, 1909, and that A. B. Pittman died in August, 1909. The defendant thereafter married Stanley and bore him five other children. Stanley is now dead.

Plaintiffs claim that by the deed referred to the land was conveyed to the defendant and to the plaintiff Prather B. Pittman (the only child

of Agnes and A. B. Pittman) as tenants in common. The defendant claimed the deed in law conveyed fee simple title to the defendant. The court below so held, and the plaintiffs appealed.

*David M. Britt and McLean & Stacy for plaintiffs.*
*Johnson & Johnson for defendant.*

DEVIN, J. The determination of the question here presented depends upon the interpretation to be put upon the language in the deed "to Agnes L. Pittman and to her heirs by A. B. Pittman." At common law the estate thus conveyed was denominated a fee tail special (2 Blk. 113), but by our statute, G.S. 41-1, it is prescribed that "every person seized of an estate in tail shall be deemed to be seized of the same in fee simple," thus enlarging the fee tail estate into a fee simple absolute. *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906. We think the language of the deed of A. B. Pittman, under the decisions of this Court interpreting the statute, must be construed to convey a fee simple to the first taker.

Every part of a deed should be considered in order to determine the intent of the grantor, but this must be ascertained from the language he has used, giving to the words and phrases used their settled legal import. *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662; *Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Morehead v. Montague,* 200 N.C. 497, 157 S.E. 793. The grantor's intent must be understood as that expressed in the language of the deed and not necessarily such as may have existed in his mind if inconsistent with the legal import of the words he has used. *Paul v. Paul,* 199 N.C. 522, 154 S.E. 825; *McIver v. McKinney,* 184 N.C. 393, 114 S.E. 399.

While it has been frequently said that the application of technical rules will not be permitted to defeat an intention which substantially appears from the entire instrument, accepted canons of construction which have become settled rules of law and of property cannot be disregarded. *Boyd v. Campbell,* 192 N.C. 398, 135 S.E. 121; *Williamson v. Cox, supra.* In *May v. Lewis,* 132 N.C. 115, 43 S.E. 550, speaking of the interpretation of a will, this Court said, "It is our duty as far as possible to give words used by a testator their legal significance unless it is apparent from the will itself that they were used in some other sense." In *Nobles v. Nobles,* 177 N.C. 243, 98 S.E. 715, *Justice Hoke,* speaking of the rule in *Shelley's case* and the technical words sufficient to invoke that rule, said, "The principle prevails as a rule of property both in deeds and wills and regardless of any particular intent to the contrary otherwise appearing in the instrument." *Wallace v. Wallace,* 181 N.C. 158, 106 S.E. 501. The terms employed by the grantor to designate the quality and extent of the estate conveyed are to be given their well-known legal or technical meaning

unless from the deed itself a different interpretation is manifest. *Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231. "When language is used having a clearly defined legal significance, there is no room for construction to ascertain the intent; it must be given its legal meaning and effect." *Campbell v. Cronley,* 150 N.C. 457, 64 S.E. 213; *Jackson v. Powell,* 225 N.C. 599 (600), 35 S.E. 2d 889; *McIver v. McKinney, supra.* When a grantor uses words and phrases which have a well-known legal or technical meaning he must be deemed to have used them in such sense; otherwise technical words have no certain meaning or effect. *Leathers v. Gray,* 101 N.C. 162, 7 S.E. 657.

The question here presented seems to have been decided by this Court in *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906, where a deed "to M. E. J. Kelly and her heirs by T. D. Kelly" with granting and *habendum* clauses as here designating grantee as "parties of the second part and their heirs," was held to convey a fee simple to the first taker, on the ground that the fee tail special was converted by the statute into a fee simple absolute. This ruling was in accord with other decisions of this Court, interpreting similar language in deeds, which were cited in the opinion written for the Court by *Chief Justice Stacy. Revis v. Murphy,* 172 N.C. 579, 90 S.E. 573 ("Avvie Revis, her heirs by the body of F. H. Revis"); *Jones v. Ragsdale,* 141 N.C. 200, 53 S.E. 870 ("Zilphia S. Jones and her heirs by her present husband"); *Paul v. Paul,* 199 N.C. 522, 154 S.E. 825 ("to Mattie Paul and the heirs of her body by Smith Paul begotten").

It is regarded as a matter of importance that established rules of law affecting the devolution and title to real property should be uniformly observed, so that those interested may understand their rights and those called upon to advise as to these matters may be able to do so with some degree of assurance. The stability of the law is essential to the security of titles. "For if the trumpet give an uncertain sound, who shall prepare himself to the battle." 1 Cor. 14:8.

In *Whitley v. Arenson, supra,* it was said: "When a grantor or testator uses technical words or phrases to express his intent in conveying or disposing of property, he will be deemed to have used such words or phrases in their well-known legal or technical sense, unless he shall, in some appropriate way, indicate a different meaning to be ascribed to them (citing authorities). So, also, if the use of such words or phrases bring his intention within a settled rule of law, like the rule in *Shelley's case,* the latter will prevail; otherwise, technical words would have no certain meaning, and the rule of law would itself become uncertain."

The appellants urge that the circumstances of this case and the reasonable inferences to be drawn therefrom take this case out of the rule, but

in the light of the former decisions of this Court we are unable to adopt that view.

Judgment affirmed.